COMES *against* LAMSON.

On the 26th of *October,* 1841, *A* made a parol contract with *B* to labour for him, one year, for 360 dollars, and to commence the service upon *A's* return from *New-York,* which was to be in the course of a week or ten days thereafter. *B,* on the 9th of *November* following, after his return from *New-York,* commenced his labour under the contract, and so continued until the 26th of *June,* 1842, when he left the employment of *B.* In an action of book debt, afterwards brought by *A* against *B,* for his services, it was held, 1. that the contract not being one, which, by its terms, was to be performed within one year from the making thereof, and not being reduced to writing, was within the statute of frauds and perjuries; 2. that the part performance of this contract by *A,* by serving under it more than six months, did not take it out of the statute so as to give it validity; 3. that being thus within the statute, it was not available to defeat the claim of *A;* 4. that *A's* entering into *B's* service on the 9th of *November,* furnished no presumption to go to the jury, that the parties recognized the contract as one perfected and completed on that day. [One judge dissenting on the last point.]

THIS was an action of book debt.

The cause was tried, on the general issue, at *Litchfield, February* term, 1844, before *Waite,* J.

On the trial, the plaintiff claimed to recover his wages, as a labourer for the defendant, from the 9th of *November*, 1841, to the 26th of *June*, 1842.

The defendant admitted, that the services had been performed, but claimed, that they had been performed under a special contract ; and in support of his claim, he testified, that on the 26th of *October*, 1841, he entered into a contract with the plaintiff, by the terms of which the plaintiff agreed to labour for the defendant, one year, for the sum of 360 dollars ; that the labour was to commence upon the plaintiff's return from *New-York*, to which place he was about to proceed, and to return by the way of *Poughkeepsie*, in the course of a week or ten days thereafter ; that afterwards, upon the 9th of *November*, 1841, the plaintiff commenced labouring for the defendant, and continued so to labour until the 26th of *June*, 1842, when, without the knowledge and consent of the defendant, and without any just excuse, he left the defendant's service, and no more returned to it ; and that nothing was said by the parties, as to the time of payment.

The plaintiff did not contradict any part of the defendant's testimony, except as to the term of service, which, he testified, was to be six months, at 30 dollars *per* month.

It was not claimed, that such contract had ever been reduced to writing, or that any note or memorandum thereof had been made. It further appeared, that the parties both resided in *Washington*, in *Litchfield* county, where the services of the plaintiff were to be performed.

The defendant did not testify, nor claim, that subsequent to the 26th of *October*, the parties had in fact any conversation or communication with each other, in relation to said contract ; but he insisted, that if the jury should believe the facts sworn to by him, they might reasonably infer from the fact that the plaintiff had entered into the defendant's service on the 9th of *November*, that the parties then recognized said contract, and considered it as then perfected and completed, and that it took effect from that time ; and that the plaintiff, by abandoning it, had precluded himself from a recovery in this case ; that such facts constituted an answer to the action ; and he prayed the court so to instruct the jury.

The plaintiff admitted, that if the jury believed, that the

contract was, as the defendant testified it was ; and if they believed, that the plaintiff entered into the defendant's service under that contract ; they might take these circumstances into consideration, in connexion with the time and manner in which the plaintiff left the defendant's service, in estimating the value to the defendant of the plaintiff's services ; but the plaintiff claimed, that the fact that he did enter into the defendant's service on the 9th of *November*, did not conduce to prove, that he so entered under the contract, as sworn to by the defendant. And the plaintiff claimed, that inasmuch as there was no note or memorandum in writing, of the contract sworn to by the defendant, such contract could not be set up as an answer to the plaintiff's action, so as to prevent the plaintiff's recovery of what his services were reasonably worth.

The court did not instruct the jury as claimed by the defendant, but said to them, that if they should find the contract to have been made as stated by the defendant ; yet, as by the terms of the contract, it was not to be performed within one year from the time of the making thereof, and was not reduced to writing, and no note or memorandum thereof was made ; the contract, by reason of the statute against frauds and perjuries, was not obligatory upon the parties, and would not preclude the plaintiff from recovering what his services were reasonably worth.

The jury returned a verdict in favour of the plaintiff ; and the defendant thereupon moved for a new trial.

*Church*, in support of the motion, contended, 1. That the contract being for a year's service, and the plaintiff having quitted service, some months before the expiration of the year, he can, by the common law, recover nothing of the defendant. He must perform the contract fully, or he gets no pay. This has long been the established rule ; and no injustice has resulted from it. Without this rule, great injustice would be done to the employer.

2. That the defendant having thus a good defence to the action, this defence is not destroyed, by the operation of the statute of frauds on the contract. The statute does not make the contract *utterly void :* it only provides, that "no *suit* shall

be *brought* or *maintained* upon any agreement that is not to be performed, &c. *Stat.* 299. *tit.* 39. *s.* 1. (ed. 1838.) The remedy, by a suit on the agreement, is taken away ; but the statute leaves the agreement, in every other respect, just where it finds it. A debt barred by the statute of limitations, though it cannot be enforced, by a suit thereon, is not destroyed : it is still a sufficient consideration to support a new promise.

3. That the jury might reasonably infer from the plaintiff's going into the defendant's service on the 9th of *November,* that the parties recognized the contract, and considered it as perfected, *at that time.* If the jury might reasonably make this inference, it was the plain duty of the court so to instruct them ; and if the contract was perfected on the 9th of *November,* it was one to be performed within a year ; and consequently, not within the statute.

*Seymour* and *Hollister,* contra, insisted, 1. That if the contract was such as the defendant stated and claimed that it was, it was void by the statute of frauds ; and therefore, presented no obstacle to a recovery by the plaintiff, in this action. A contract that cannot be enforced, is *no contract. Bracegirdle* v. *Heald,* 1 *B. & Cres.* 722. *Lower* v. *Winters,* 7 *Cowen,* 263. *Drummond* v. *Burrell,* 13 *Wend.* 307. *Shute* v. *Dorr,* 5 *Wend.* 204. The plaintiff asks to be paid for services, which he has faithfully rendered to the defendant. The defendant does not deny that he has had the benefit of these services, but he refuses to pay for them, because there was a special contract which has not been fully performed. Is there not a conclusive answer to this claim, when it is shown, that that contract was a *void* one ? The services being admitted, it is incumbent upon the defendant to take the labouring oar, and show, in avoidance of the plaintiff's claim, a valid, subsisting contract,—such an one as would entitle him to damages for a breach of it.

But it is said, that the contract was made when the plaintiff began his service on the 9th of *November ;* and, it is admitted, that it was to be performed within a year from that time ; and so it was not within the statute. The decisive answer is, that there never was but *one* contract made between these parties ; and *that* was made on the 26th of *October,* when

*Litchfield,*
*June, 1844.*

Comes
*v.*
Lamson.

their minds met. After this, they had no conversation or communication with each other, on the subject. Nor would the mere fact that the plaintiff began to labour for the defendant, on the 9th of *November*, afford any presumption that the contract was made on that day. A contract must necessarily be made *before* performance under it is commenced ; and is usually made on *a day* previous to that on which performance is commenced. The presumption is altogether *against* the defendant's claim.

2. That if there was a valid contract between the parties, and the plaintiff left the defendant's service before it was fully performed, this was no forfeiture of the plaintiff's wages, but he may still recover so much as his services were reasonably worth. *Chitt. Contr.* 580. n. *Britton* v. *Turner,* 6 *N. Hamp. R.* 481.

WAITE, J. According to the testimony of the defendant, the plaintiff, on the 26th day of *October,* 1841, made a contract to labour for him, one year, at a stipulated price, and to commence the service upon the plaintiff's return from *New-York,* which was to be in the course of a week or ten days thereafter. The plaintiff accordingly, on the 9th of *November* following, after his return from *New-York,* commenced his labour, and so continued until the 26th of *June* following, when he left the defendant's employment.

This contract was not in writing, and, by the terms of it, was not to be performed within one year from the making of it. It consequently falls directly within the provisions of the statute of frauds and perjuries. By that act, no action can be sustained upon it.

Nor will the part performance of this contract, by the plaintiff, by serving under it, for a period of more than six months, give any validity to it. "The word used in this clause of the statute," says Lord *Ellenborough,* " is *performed,* which *ex vi termini* must mean the *complete* performance or consummation of the work." *Boydell* v. *Drummond,* 11 *East,* 156. And again, " will an inchoate performance, a part execution, satisfy the terms of the statute ? I am of opinion it will not, and that there must be a full, effective, and complete performance." *Bracegirdle* v. *Heald,* 1 *Barn. & Ald.* 726. The authorities upon this subject are numer-

ous and decisive. *Hubert* v. *Treherne*, 3 *Man. & Gran.* 743. (42 *E. C. L.* 388.) *Lockwood* v. *Barnes*, 3 *Hill*, 128.

But it is claimed, that although no action can be sustained upon this contract, for a breach of it ; yet the defendant may, nevertheless, set it up by way of defence against the plaintiff's claim for the services performed under it. And this brings us to the question, whether a contract, upon which the legislature has said no action shall be maintained, can be used to defeat a demand, otherwise legal and just.

It is conceded, that the plaintiff laboured for the defendant, for a period of more than six months ; that the defendant has received the full benefit of those services, and is bound to pay for them what they are reasonably worth, unless protected from such payment, by the contract under consideration.

To permit the defendant so to use the contract, and prove it by parol testimony, would open a door to the very perjury against which, the legislature, by the statute, intended to guard. "The mischief," says Mr. Justice *Bayley*, "meant to be prevented, by the statute, was the leaving to memory the terms of a contract for a longer time than a year. The persons might die, who were to prove it ; or they might lose their faithful recollection of the terms of it." *Boydell* v. *Drummond, ub. sup.*

"The statute," says Lord *Kenyon*, "is one of the wisest laws in our statute book." *Chaplin* v. *Rogers*, 1 *East*, 194. And in the interpretation of it, care should be taken that its efficacy is not destroyed, nor its usefulness frittered away. Indeed, we need not look beyond the present case to witness the evils resulting from the defendant's construction. For while he testified, that the contract was for a year's service, and so not performed, the plaintiff swore, that he had agreed to work only six months, and consequently, had more than fulfilled his engagement. The action being on book, the parties, by our law, were admissible as witnesses.

We have recently held, that a discharge from such a contract does not furnish a sufficient consideration to support an express promise made by the party released. *North* v. *Forest*, 15 *Conn. R.* 400. To allow the effect which the plaintiff claims, would seem to give a greater efficacy to a contract of this kind, than was allowed in that case.

Besides, when the parties entered into this contract, they

must be considered as having done so with a full knowledge of the law upon the subject. That law entered into the contract, and formed a part of it, as much as if there had been an express stipulation to that effect. *Bronson* v. *Kinsie* & al. 1 *Howard,* 311. 319.

Now, where a person has entered into a contract to perform certain service, at a stipulated price, and has made the performance of the contract on his part a condition precedent to his right to recover, he cannot enforce the payment, until he has performed the service. This rule operates to give effect to the agreement, as the parties have made it. But can we say in this case, because the parties have made an agreement, upon which no action can be sustained—which is by statute declared to be invalid,—that it was the understanding and agreement of the parties, that the plaintiff should receive nothing, unless he served the full time specified in the agreement? We cannot think such was the meaning and intention of the parties. And unless the parties have in fact so agreed, the rule referred to does not apply. There is certainly no express agreement to that effect; and, we think, such an agreement does not arise from any just inference.

Again, it was insisted, that the court should instruct the jury, that they might infer from the fact that the plaintiff had entered into the service of the defendant, on the 9th day of *November,* that the parties had recognized the contract, and considered it as *then* perfected and completed.

We have already shown, that a part performance of the contract has no effect in relieving it from the operation of the statute. If there can be any foundation for the defendant's claim, it must be, that the recognition was made within the last year in which it was to be performed. Suppose then the contract had been, that the plaintiff should serve the defendant two years; the plaintiff serves the first year only, and then leaves the defendant; the contract is still within the statute, and no action can be sustained upon it. But suppose he serves a year and a day; is the effect of the contract entirely changed? Such an absurdity, we think, cannot possibly follow. We cannot believe, that the construction of the statute is such, that if the plaintiff serves but one year, he may collect of the defendant what those services are reasonably

worth; but if he serves a year and a day, he can recover nothing.

But the claim is, that the entering into the defendant's service, recognizes the contract. What contract? Clearly the one made in *October* preceding—invalid by reason of the statute. No new contract is claimed to have been made. The jury, from a part performance of a contract falling within the statute, cannot infer another contract not affected by the statute.

A majority of the court think the plaintiff is not entitled to a new trial.

The other Judges of this opinion, were WILLIAMS, Ch. J. and STORRS and HINMAN, Js.

CHURCH, J. thought the jury had a right, in this case, to infer a ratification of the contract on the 9th of *November,* and that they should have been so instructed. In the other positions of the court, it is believed, he concurred.

New trial not to be granted.