## THE PLANTERS' AND MERCHANTS' BANK OF MOBILE v. KING, UPSON & Co.

1. In an action against the indorsers of a note, which purported to have been indorsed under a power of attorney, the defendants denied the indorsement, and demurred to the evidence, which recited that the execution of the power, as well as the note on which the plaintiff sought to recover judgment, were proved; it will be intended, as the making of the note was not a point in issue, that the indorsement, and not the execution of the note, was in fact proved.

2. Where an attorney is invested with an authority, in writing, to indorse notes for, and on account of his principal, it confers power to indorse notes of which the principal is ostensibly the legal proprietor, and it devolves

upon the principal, in such case, to show that the authority has been abused, or transcended.

3. The statement contained in a notarial protest, that the notary had sent notices of the dishonor of the paper, addressed to the parties at a particular place, is no proof, even on a demurrer to evidence, that the notices were properly directed; this fact must be shown by proof, independent of the protest.

4. *Semble*: it cannot be intended, because one is authorized to indorse notes, that he is also an agent for the purpose of receiving notices of their dishonor.

Writ of Error to the Circuit Court of Mobile.

THIS was a suit by notice and motion against the defendants, as indorsers of a promissory note of the following tenor, viz:  "$3,700                    *Mobile, August* 23*d*, 1838.

Ninety days after date, we promise to pay King, Upson & Co., or order, thirty-seven hundred dollars, for value received, negotiable and payable at the Planters' and Merchants' Bank of Mobile.                    L. & C. C. LANGDON & Co."
Indorsed thus:  "King, Upson & Co. per C. C. Langdon; Rob't E. Love, per Lea & Langdon, att'ys, Lea & Langdon."

The defendants pleaded *non-assumpsit*, which was verified by affidavit, and thereupon the cause was submitted to the jury.  To make out their case, the plaintiff adduced the note, of which the above is a copy, together with the protest of a Notary Public for non-payment, of which it is certified that the indorsers had due notice in writing, directed by the Notary, "to the several indorsers, and left at the office of Lea & Langdon, also to the first and second indorsers at Marion, Perry county, Alabama, and put in the post office." The plaintiff also gave in evidence a letter of attorney, purporting to be made by the defendants, bearing date the 7th day of April, 1838, by which they appointed Charles C. Langdon their attorney, with full power and authority, for them, and in their names, "to draw and indorse promissory notes, to accept, draw and indorse bills of exchange, and to sign any check or checks, order or orders, for any money or effects, which we now have, or may hereafter have, deposited in the Planters' and Merchants' Bank of Mobile," &c.

P. & M. Bank of Mobile v. King, Upson & Co.

The letter of attorney is attested by a subscribing witness, and on it is written a certificate of J. H. Adams, a Notary Public, bearing even date therewith, in which it is certified that the defendants acknowledged that they signed, sealed and acknowledged the same.

It was also proved, that the note in question was really and *bona fide* the property of the Bank, at the time the notice issued. The judgment entry recites further, that "the plaintiff also proved the execution of the note, on which motion was made for judgment, and further proved the execution of the power of attorney."

This was all the evidence in the cause, and the defendants demurred to it; thereupon the jury were discharged, and a judgment rendered in favor of the defendants for costs.

J. A. CAMPBELL, for the plaintiff. The indorsement of the note was *prima facie* within the authority conferred by the defendants upon their attorney. If the authority was transcended, it devolved upon the defendants to prove it; in the absence of such proof, the plaintiff was entitled to recover. [7 Ala. Rep. 19.]

No counsel appeared for the defendants.

COLLIER, C. J.—It is shown by the evidence demurred to, that the letter of attorney from the defendants to C. C. Langdon, who appears to have indorsed the note in their names, was proved; and it is said that "the execution of the note on which the motion was made for judgment," was also proved. The signature of the makers was not a point put in issue by the pleadings; nor can it with propriety be said, that the motion was submitted on the note. While it would be proper to look to the note to ascertain the nature and extent of the indorser's liability, the recovery against them was sought upon their indorsement. The plea negatived the indorsement, and we think the reasonable inference is, that the indorsement, instead of the execution of the note, was proved. Taking this to be so, and there can be no question but the evidence made out a case which *prima facie* entitled the

36

plaintiff to a judgment upon the demurrer, if the act done by the attorney is within the scope of the powers conferred upon him, and the notice of the dishonor of the note was sufficient to charge the indorsers.

The authority conferred in the present case, if not identical with, is not materially variant from, that considered in Knapp v. McBride & Norman, 7 Ala. Rep. 19. We there held, that the attorney was invested with authority to indorse notes on account of his principals; and where a note of which they were ostensibly the legal proprietors, was indorsed by their attorney, in their names, it would be intended, that the authority was not abused or transcended. If the reverse was true, it devolved upon the defendants to establish it by proof. See also, Wallace v. The Branch Bank at Mobile, 1 Ala. Rep. 565.

It does not appear that the defendants resided at the place to which the notice was addressed to them. Would a jury be warranted in inferring from the recital in the protest that the Notary gave the notice the proper direction? It may be conceded, that they are rarely mistaken as to the residence of the parties to be charged, yet it cannot be predicated of the usual accuracy with which they do business, that they have acted upon proper information in the case at bar. In cases of demurrer to evidence, we have held, that the judgment would not be reversed for a defect of proof which might have been supplied, or the truth have been shown, if the party demurring had addressed to a witness produced by his adversary, a single inquiry.

The principle on which these decisions rest, is not applicable to the present case. Here no oral testimony was offered, so that the defendant could not have shown, by the examination of the plaintiff's witnesses, what was the truth in respect to the point we are considering. The protest can only be evidence of what appears on its face—it is so declared by statute; but it cannot prove that which it does not express, and which is not inferrable from its terms.

It would be carrying the doctrine of presumption to its utmost verge to intend, that the Langdon of the firm of Lea & Langdon was the C. C. Langdon, who indorsed the note in question as the defendants' attorney. But if this presump-

tion be perfectly legitimate, does it follow that an authority to indorse notes makes one an agent to receive notices of their dishonor? We think not. The agencies involve different powers and duties.

There was, then, such a defect of proof that the plaintiff was not entitled to recover. The judgment is consequently affirmed.