Amburger *v.* Marvin.

INGRAHAM, FIRST J., concurred in dissolving the injunction.

Injunction dissolved.

CHARLES W. AMBURGER *v.* AARON B. MARVIN.

A parol agreement to employ a person for a period of one year, commencing *in futuro*, and to enter into a written contract to so employ and to pay a certain compensation, is void by the statute of frauds. (2 R. S. 3d ed. § 2, title 2, chap. 7, part 2, p. 195, marg. p. 135.) See *Taggard* v. *Roosevelt*, 2 E. D. Smith, 100.

In an action to recover damages for a breach of such parol agreement, the statute need not be pleaded in order to avail the defendant at the trial.

THE trial of this cause was conducted at a term held by WOODRUFF, J., and resulted in a direction for a nonsuit, with

liberty to the plaintiff to appeal to the general term without security.

The complaint alleged, in substance, that the defendant, on the 18th of July, agreed with the plaintiff, in consideration of the services of the plaintiff to be rendered, that he, the defendant, would employ the plaintiff, and that he would enter into a contract in writing with the plaintiff to employ the latter as a chief clerk, for the term of one year, to commence on the first of August then next, and to end on the first of August in the ensuing year; and that, by the said contract in writing, he would bind himself to pay the plaintiff for his services a salary of $800 for said year, and also $450 by way of extra compensation; that the defendant agreed to stipulate in said contract in writing, and did stipulate verbally, with the plaintiff, that after the said year, the plaintiff should become a partner with the defendant; that afterwards the plaintiff presented to the defendant the draft of a written contract for execution, and on the first of August tendered his services. The defendant was charged with a breach of the agreement, and the plaintiff claimed damages in the sum of $3,000.

The answer took issue upon the allegations of the plaintiff, but did not set up the statute of frauds. On the trial, it was admitted that the agreement in suit was not in writing, and that no note or memorandum thereof existed.

*Alexander Clarke* cited 2 R. S. 4th ed. p. 307, sec. 2, sub. 1; 19 Pick. 364; 10 Johns. 244; 10 Wend. 428–9; 18 Pick. 569; 1 Root, 89; 4 Dana, 137; 1 Ld. Raymond, 316, 317; 3 Burrows, 1281; Add. on Contracts, 743, 745; 10 Johns. Rep. 244; 10 Wend. 428–9; 1 Root, 89; 1 Sug. on Vend. 198–9; 1 Vern. 151, 159; 2 Ch. Ca. 135; 3 Burr, 1280; 1 P. Williams, 618, 620; 3 Story's Rep. 292; 18 Conn. Rep. 222; Code, §§ 140, 142, 143, 144, 147, 148, 149, 150, 168; 4 Harr. 36; 7 Blackf. Rep. 387; 1 Gilmer Rep. 584; 10 Ala. Rep. 444; 6 How. Pr. Rep. 304; 1 Chit. Pl. 476, 477, 479, 480, 484, 513, 516, n. 526, 527, 743; 1 Sand. Pl. & Ev. 228,

229, 478–9; 10 Meeson & Welsby Rep. 85; 1 Burrell's Pr. 166.

*Daniel T. Walden* and *Theo. E. Tomlinson,* for the defendant, cited 2 R. S. 4th ed. p. 317, sec. 2, sub. 1; *Comes* v. *Lawson,* 16 Conn. R. 246; *Willard* v. *Jones,* 7 Dow. & Ry. 548; *Drummond* v. *Burrill,* 13 Wend. 307; *Hinckley* v. *Smithgate,* 11 Verm. 428; *Lown* v. *Winters,* 7 Co. 263; *Wilson* v. *Martin,* 1 Denio, 602; *Broadwell* v. *Getman,* 2 ib. 87; *Croswell* v. *Crane,* 7 Barb. 191; *Lock-wood* v. *Barnes,* 3 Hill, 128; *Shute* v. *Dow,* 5 Wend. 202; *Squire* v. *Whipple,* 1 Verm. 69; 1 Smith's Leading Cases, 143 marg. p.; *Tuttle* v. *Sweet,* 31 Maine (1 Red.) R. 555; 1 Chitty's Pl. 9th Am. ed. 477, ib. 528; 1 M. & P. 294, 308; *Maggs* v. *Ames,* 4 Bing. 473; *Lilly* v. *Hewitt,* 11 Price, 494, 562; Lawes on Plead. 525; 1 Wheeler & Tudor's Leading Eq. Cases, 34 Law Library, 5th series, p. 527; *Gibbs* v. *Marsh,* 4 Barb. S. C. R. 449, 452; *Cosine* v. *Graham,* 2 Paige, 177; *Ontario Bank* v. *Root,* 3 ib. 478; *Coles* v. *Bown,* 10 ib. 527; *Champlin* v. *Parish,* 11 ib. 405.

By THE COURT. DALY, J.—The complaint sets forth that the defendant agreed, on the 18th of July, 1848, to employ the plaintiff, and to enter into a contract in writing to employ him as a clerk, for the term of one year, to commence on the 1st of August, 1848, and end on the 1st of August, 1849.

There can be no doubt that this was an agreement which, by its terms, was not to be performed within one year from the making of it, and was, therefore, void by the statute. (2 Rev. Stat. 4th ed. 317, § 2; *Wilson* v. *Martin,* 1 Denio, 602; *Comst.* v. *Lawson,* 16 Conn. 246; *Willard* v. *Ives,* 7 D. & Ky. 548; *Tuttle* v. *Sweet,* 31 Maine, 555.)

It is insisted that as the contract in writing might be entered into within the year, that it is not void; but reducing the contract to writing is not a performance of it, or it is but a performance of part of it; and unless the contract is

Amburger *v.* Marvin.

to be completely executed within the year, the case is within the statute. (*Boydell* v. *Drummond*, 11 East, 142; *Brocigudh* v. *Heald*, 1 Barn. & Adol. 722; *Buch.* v. *Liverpool*, 9 Barn. & Cres. 392; *Lockwood* v. *Barnes*, 3 Hill, 128, and cases collected in note in the last case.)

The only foundation for the distinction insisted upon here, is the case of *Hollis* v. *Whiting*, 1 Vern. 151, in which the Lord Keeper GUILFORD is reported to have expressed the opinion, that if it was part of the agreement that the agreement should be put into writing, it would alter the case; but Lord THURLOW declared, in *Whitechurch* v. *Bevis*, 2 Bro. Chy. R. 558, that *Hollis* v. *Whiting* had never been decided.

There are cases in equity in which there has been a partial performance, under a parol agreement, to enter into a written agreement, as where a lessor agrees, by parol, to execute a lease for years, and the tenant in possession lays out money upon the premises in part performance of the agreement; (*Wells* v. *Shadling*, 3 Ves. 380;) or where a lessee has entered and engaged the premises under a parol agreement to enter into a lease (Earl of Aylesford's Case, 2 Strange, 783,) in which specific performance has been decreed; but such cases are excepted from the operation of the statute solely upon the ground of fraud. (Story Eq. Jur. § 768, note 6; *Jenkins* v. *Eldridge*, 3 Story R. 292; *Monlocute* v. *Maxwell*, 1 Prince Wm. 619.) And the equitable doctrine recognized in those cases could have no application in a case like this, which is not that of an agreement executed in part, but of one entirely executory.

The defendant was not bound to plead the statute. The objection was to the whole cause of action set up by the complaint, and might be raised on the trial.

Judgment of nonsuit affirmed.