BRETT v. BASSETT ET AL.

1. **New Trial:** DISCRETION OF TRIAL COURT IN GRANTING. Error and abuse of discretion on the part of the trial court must be shown, before this court will disturb an order granting a new trial on the ground that the verdict is inadequate under the evidence.

2. **Agent:** PRESUMED TO ACT FOR PRINCIPAL WITHIN THE SCOPE OF HIS AUTHORITY. When a person deals with an agent within the scope of his known authority, he may safely presume that he is dealing with the principal, and the principal will be bound by the contract, unless he shows affirmatively that the person dealing with the agent knew that the agent in that instance was contracting for himself alone.

*Appeal from Cerro Gordo Circuit Court.*

WEDNESDAY, APRIL, 23.

ACTION on an account for grain, seed, rent of warehouse, etc. There was a verdict for plaintiff, which upon his motion was set aside, and a new trial ordered. The defendants appeal.

*Blythe & Markley* and *Binford & Snelling*, for appellants.

*Glass & Hughes* and *Miller & Cliggett*, for appellee.

BECK, J.—I. The verdict was for $400. The motion to set it aside was based upon the ground, among others, that it was in conflict with the evidence, and that there were errors of law in the instructions. We think the verdict wholly inadquate—the proof clearly showing that plaintiff is entitled to recover a much larger sum. It would not be proper for us to state the sum which, in our opinion, plaintiff ought to recover upon the evidence before us. It is sufficient to say that in our opinion it should be more than was awarded him by the jury. We are of the opinion that the circuit judge wisely exercised his discretion

Brett v. Bassett et al.

in setting aside the verdict, thus securing to plaintiff another opportunity to obtain justice. Error and abuse of discretion must be made to appear to justify the reversal of rulings of the character complained of in this case.

II. The defendants introduced evidence tending to prove that the grain in question, or a part of it, was purchased by one employed by them as their agent on his own account, and not for them. Certain instructions applicable to this defense were given by the court. The giving of one of these instructions was one of the grounds of the motion to set aside the verdict. It is probable that the instructions, if not erroneous, were misleading, in that the jury may have understood that they imposed the burden of proof upon plaintiff to show, after proving the authority of the agent to purchase for defendants, that the grain was bought for defendants, and not upon the account of the agent individually.

2. AGENT: presumed to act for principal within the scope of his authority.

The agency, with authority to purchase grain for defendants without restriction as to quantity or price, brought to the knowledge of plaintiffs, being established, the plaintiffs would not be required to prove that the agent intended the grain for his principals and shipped it to them, and did not make the purchase for himself; and if such were his intentions and acts, they would not affect the rights of the plaintiff in the absence of knowledge thereof. And, if the agent purchased the grain for defendants, the fact that he did not deliver it to them would not defeat plaintiff's rights to recover against the principals. This would be true if plaintiff had no knowledge for whom the grain was purchased,— whether for the principals or the agent individually. These rules ought to have been clearly expressed in instructions to the jury.

AFFIRMED.