OAK LEAF MILL COMPANY *v.* COOPER.

Opinion delivered March 25, 1912.

1.  TRIAL—REOPENING CASE FOR FURTHER TESTIMONY.—Where the plaintiff closed his case, whereupon defendant moved for a peremptory instruction to find in its favor, it was not an abuse of discretion for the court to permit the plaintiff thereafter to introduce other testimony in order to develop his case further.   (Page 82.)

2.  PLEADING—AMENDMENT.—It was not an abuse of discretion to permit the plaintiff to amend his complaint to conform to the proof where it does not appear that defendant was surprised or otherwise prejudiced by such amendment.   (Page 82.)

3.  FRAUDS, STATUTE OF—CONTRACT FOR SERVICES FOR LONGER PERIOD THAN YEAR.—A parol contract for personal services for a period longer than one year is within the statute of frauds, and no action can be maintained on it; and if the employee enter upon its performance and is afterwards discharged, the employer is liable only for his wages for the time he served.   (Page 83.)

4.  AGENCY—AUTHORITY OF GENERAL AGENT.—A principal is not only bound by the acts of his general agent done under express authority, but he is also bound by all acts of such agent which are within the apparent scope of his authority, whether authorized by the principal or not.   (Page 85.)

5.  SAME—PRESUMPTION AS TO AGENT'S AUTHORITY.—In the absence of notice to the contrary, a person dealing with an agent has a right to presume that he is a general agent, and that he is acting within the scope of his authority.   (Page 86.)

6.  SAME—AUTHORITY OF AGENT—BURDEN OF PROOF.—Where the authority of a general agent is limited, the principal is still bound by any act done or contract made within the apparent scope of his authority, in the absence of notice to the contrary to a person dealing with him, and the burden of proof is upon the principal to show such notice to the person dealing with the agent.   (Page 86.)

7.  FRAUDS, STATUTE OF—PAROL CONTRACT.—A verbal contract entered into in 1910 for employment for the whole year 1911 was within the statute of frauds, and could not be taken without the operation of the statute either by part performance or by an acknowledgment thereof by the defendant within the year 1911.   (Page 86.)

8. SAME—WHEN PAROL CONTRACT NOT TAKEN WITHOUT.—Where a verbal agreement is entered into for the work and labor of one of the parties for a year, to begin in the future, an entry upon the employment with the employer's acquiescence, but without a new contract, does not take the case out of the statute of frauds, and the employer is not liable under the contract. (Page 87.)

Appeal from Hot Springs Circuit Court; *W. H. Evans*, Judge; reversed.

*N. P. Richmond* and *Henry Berger*, for appellant.

1. Since the contract could not be performed within one year from the date of the making thereof, it clearly fell within the statute of frauds. 53 Tex. 9; 37 S. W. 379; Kirby's Dig., § 3654, subdiv. 6; 118 S. W. 373; Browne, St. Frauds (4 ed.) § 511; 1 Greenl. Ev. (15 ed.) § 86.

2. After both rested. it was error to admit further testimony to show a renewal of the contract within a year. An oral agreement not to be performed within a year is not to be validated by a mere oral restatement of it within the year. 110 N. Y. Supp. 185; 164 N. Y. Sup. 451. A new contract is requisite.

3. The proof must conform to the allegations of the complaint. 46 Ark. 96; 84 *Id*. 311; 85 *Id*. 42.

4. The general manager was not authorized to make such a contract. The burden was on plaintiff to show such authority. 31 Cyc. 1644; 1 Am. & Eng. Enc. Law (2 ed.) 968.

5. It was the province of the court, not the jury, to determine the validity of the contract—a question of law. Thompson on Trials, § 1106; 20 Ark. 590.

6. The court's instructions are inconsistent and can not be reconciled. 46 Ark. 84. Instructions must correspond with the pleadings. 62 Mo. 59; *Id*. 70. Thompson on Trials, § 2309.

*John C. Ross*, for appellee.

1. The allegations of the complaint are broad enough to admit proof of the renewed contract. Pleadings are liberally construed. 31 Ark. 657; 77 *Id*. 5; 96 *Id*. 163; 77 *Id*. 5; 96 *Id*. 163.

2. Appellant can not complain of evidence not strictly within the pleadings, if he introduced evidence to the same point. 97 Ark. 109; 75 *Id*. 251; 67 *Id*. 47.

3. The question of an alleged contract in parol is a ques-' tion of fact for the jury.   9 Cyc. 786 (b); Thompson on Trials, § 1105-8; 21 Mo. 284; 55 Mich. 284, 386; 23 Mo. App. 536; 112 Pa. St. 377; 37 Me. 74; 50 Ark. 92; 89 *Id.* 368.

4. A party can not complain of an error in instructions asked by an opponent if the same error was repeated in instructions asked by himself.   94 Ark. 528; 81 *Id.* 579; 93 *Id.* 589, 472.

5. The burden was on appellant to show its general manager had no authority to make the contract.   31 Cyc. 1645, 1640.   The manager was a general agent.   Mech. on Ag., § 6.   And the presumption is that he acts within the scope of his authority.   94 Mich. 343; 99 Minn. 176; 16 La. Ann. 119; 9 Ala. 279; 96 Ark. 460; 90 *Id.* 305.

6. The statute of frauds must be specially pleaded. 32 Ark. 79; 71 *Id.* 302; 96 *Id.* 134.

*N. P. Richmond* and *O. A. Graves,* in reply.

Under a general denial of the contract a party may avail himself of the statute of frauds.   19 Ark. 23; *Id.* 39, 47.

FRAUENTHAL, J.   This is an action for the recovery of damages for an alleged breach of a parol contract for personal services.   The appellant is a domestic corporation, engaged i n the manufacture of lumber, and in his complaint the appellee alleged that in October, 1910, through its general agent, the appellant employed him to work for it during the entire year of 1911 at a salary of $100 per month; that he began to work for appellant under said contract on January 2, 1911, and continued to work thereunder until January 11, 1911, when he was discharged without cause.   He alleged that appellant had paid him his wages for the month of January, 1911, but refused to make any further payment to him; and he sought by this suit to recover $100 per month for the remainder of said year. The appellant denied that it had employed appellee for a year, or for any period longer than by the month, or that it had discharged him without cause.   It further pleaded the statute of frauds as a bar to any recovery upon the alleged contract. The trial resulted in a verdict in favor of the appellee.

The appellee testified that about October 1, 1910, he was employed by the appellant at a salary of $75 per month,

and later during the same month, on October 20, 1910, he entered into a verbal agreement with appellant's manager whereby he was employed for the remainder of the year 1910 and all of the year 1911 at a salary of $100 per month; that he continued work until December 24, 1910, when he became sick; that he returned to work on January 2, 1911, and worked until January 5, when he again became sick and returned on January 11, to continue his work, when he was discharged without cause. Appellee then introduced other witnesses whose testimony tended to corroborate him as to his sickness, and introduced no further testimony than his own relative to said alleged oral contract. He then rested his case, and the appellant moved the court for a peremptory instruction. Thereupon counsel for appellee asked that he be permitted to introduce other testimony in order to further develop his case, which request was granted by the court over appellant's objection. The appellee then testified that on January 2, 1911, he orally renewed the contract for his employment for the entire year of 1911, and entered upon the service under such renewal.

It is urged by counsel for appellant that the court erred in refusing to give a peremptory instruction when appellee had closed his testimony and in permitting the introduction of this further testimony, for the reason that there was no allegation made in the complaint that the contract sued upon was made in January, 1911, but, on the contrary, that it was alleged that the contract was made in October, 1910. But if we should hold that the allegation that the contract was made in January, 1911, can not be inferred from the averments made in the complaint, still the court had the right to permit this pleading to be amended in that particular, and, even after all of the evidence was in, it had the right to permit the complaint to be amended so as to conform to the proof thus made. Our statute of amendments is very liberal. Kirby's Digest, §§ 6140, 6145 and 6148. Under these provisions of the statute, it has been held by this court that where the parties to a cause have directed their proof to a certain issue consistent with the original claim, but not within some allegation made by the complaint, an amendment of such pleadings will be allowed to conform to the proof. *Trippe* v. *Duval*, 33 Ark. 811; *Railway Company* v. *Dodd*, 59 Ark. 317.

The allowance of such an amendment is left largely to the discretion of the trial court; and unless it appears that the complaining party has been materially prejudiced by reason of such amendment being allowed, such discretion of the trial court will not be controlled. *McFadden* v. *Stark*, 58 Ark. 7; *Rucker* v. *Martin*, 94 Ark. 365, and cases there cited.

The appellant does not claim that it was surprised by the admission of this testimony. It did not ask for a continuance to meet the altered issue, if such it was, nor does it now claim that it was not thereafter able to adduce all the testimony which it desired relative to this issue. It follows that it was not prejudiced by the ruling of the court in admitting this testimony and thereby in permitting the complaint to be amended in this regard if it was necessary for that to be done.

It is also contended by counsel for appellee that appellant did not in its answer plead the statute of frauds, but we are of the opinion that the answer sufficiently sets up this plea; and if the appellee thought that the language was ambiguous in this particular, it was his duty to ask that this pleading be made more definite and certain. This plea of the statute of frauds was recognized at the trial as an issue in the case, and testimony was directed towards it, and instructions given bearing upon it, so that it would appear that both parties, as well as the trial court, understood that the answer set up the plea of the statute of frauds

The manager testified that he made no contract at any time with appellee whereby he employed him for a longer period than one month, and that he made no contract of any kind with him in January, 1911, and that he had reasonable cause for discharging him on January 11. These were issues in the case, but the cause was also tried upon the plea made by the appellant of the statute of frauds. Upon this plea, the appellant asked the court to give, amongst others, the following instruction, which was refused:

"4. The court instructs the jury that if you find from the evidence in the case that the only contract made between the plaintiff and the defendant in which it was agreed that the plaintiff was to receive $100 per month for his services, was made on October 20, 1910, and to extend through said year of 1910

and 1911, and that the plaintiff presented himself on January 2, 1911, to carry out said contract so made, the court instructs you that the defendant was not legally bound to receive him into its service; and, if it did so, it had a right to discharge him without incurring any other liability than for the payment of his wages for the time he actually served."

At the request of the appellee, however, the court gave the following instruction:

"1.   You are instructed that this is a suit for the recovery of damages on account of an alleged wrongful discharge of plaintiff by the defendant.   This suit is brought upon an alleged oral contract between plaintiff and defendant's general manager, and you are to be the judges of what the contract was, after taking into consideration all of the evidence and circumstances bearing upon the case. If you believe from a preponderance of the evidence that plaintiff was employed by the defendant's general manager to fill the position of shipping clerk for a part of the year of 1910 and the year 1911, at a salary of $100 per month, and you believe that said general manager was acting within the scope of his authority in making said contract, and you further believe that plaintiff was wrongfully discharged by the defendant after entering upon his position, and if you further believe that plaintiff was by said alleged contract to be employed for the year 1911 and by the year, then it will be your duty to return a verdict for the plaintiff in such a sum if any, as you may find to be due him to the present time, less such amount as the evidence shows he has earned since such discharge."

We are of the opinion that the court erred in its rulings upon these instructions.   It is provided by section 3654, subdiv. 6, of Kirby's Digest that no action shall be brought to charge any person upon any contract that is not to be performed within one year from the making thereof, unless the contract shall be made in writing and signed by the party to be charged therewith.   A verbal contract for one year, to begin at a future date, falls within the operation of this statute.   The time within which such contract is to be performed is reckoned from the making of the contract, and not from the time the performance of it is to begin.   A part performance of such a verbal contract does not take the case out of the provisions

of the statute. In the case of *Meyer* v. *Roberts*, 46 Ark. 80, it was held (quoting syllabus): "A parol contract for personal services for a longer period than one year is within the statute of frauds, and no action can be maintained on it; and if the employee enter upon its performance and is afterwards discharged, the employer is liable only for his wages for the time he served." This ruling has been approved and followed by this court in numerous cases since the above opinion was delivered. *Henry* v. *Wells*, 48 Ark. 485; *Higgins* v. *Gager*, 65 Ark. 604. See also Browne, Statute of Frauds, § 282; Smith on Fraud, § 346; *Scroggin* v. *Blackwell*, 36 Ala. 351; *Blanton* v. *Knox*, 3 Mo. 342.

There were other instructions given which in effect stated that the verbal contract was not enforceable if it was made in October, 1910, and was for employment which was to continue during the remainder of that year and for the whole of the year 1911, unless such contract was again entered into or renewed in January, 1911. But we are of opinion that said instruction No. 1 given on behalf of appellee was in conflict with these other instru·tions, and so irreconcilable therewith as to mislead the jury to appellant's prejudice. The above instruction No. 4 requested by appellant presented, we think, the issue made by the testimony adduced by it, and no instruction given by the court covered the principle therein announced.

It is urged that the court erred in giving the following instruction:

"3. If you believe from the evidence that the general manager of the defendant hired plaintiff as alleged in the complaint, and said contract was made and entered into between the plaintiff and the defendant's general manager, acting within the scope of his authority, such contract would be binding upon the defendant; but in any event the burden of proof is upon the defendant to show that its general manager had no such authority."

It is contended that the burden was upon the appellee to prove that appellant's manager, who is alleged to have made the contract with appellee, was appellant's agent, and also that he was authorized to make the contract herein sued on. It is claimed that said agent only had authority to employ persons by the month, and he so testified. But, according to the undis-

puted testimony, the manager was the general agent of appellant, with authority to make contracts of employment for it. A principal is bound by the acts of its agent within the authority that actually has been given to him, and this includes not only the precise act which has been expressly authorized, but also whatever is usually necessary to its performance. *Roach* v. *Rector*, 93 Ark. 521. A principal is not only bound by the acts of the agent done under express authority, but he is also bound by all acts of a general agent which are within the apparent scope of his authority, whether they have been authorized by the principal or not, and even if they are contrary to express directions. The principal in such case is not only bound by the authority actually given to the general agent, but by the authority which the third person dealing with him has a right to believe has been given to him. *Brown* v. *Brown*, 96 Ark. 456. The question in all such cases relative to the acts of a general agent is, not whether the authority of such agent was limited, but whether the person dealing with such agent had knowledge or notice of such limitations of his authority. In the absence of notice to the contrary, a person dealing with an admitted agent has a right to presume that he is a general agent, and that he is acting within the scope of his authority. 1 Clark & Skyles on Agency, § 200; 31 Cyc. 1645. If the authority of such general agent is actually limited, the principal is still bound for any act done or contract made within the apparent scope of his authority, in the absence of notice to the contrary by a person dealing with him. The burden is upon the principal to show such notice to or knowledge by the person dealing with him. *Brett* v. *Bassett*, 63 Ia. 340; *Planters & Merchants Bank* v. *King*, 9 Ala. 279. The appellant was, therefore, not prejudiced by the above instruction No. 3 given at the request of appellee.

In view of another trial of this case, we deem it proper to say that the verbal contract made in October, 1910, for the employment for the whole year of 1911 was within the operation of the statute of frauds, and therefore unenforceable. Such contract would not be taken out of the operation of that statute either by part performance or by an acknowledgment thereof by appellant within the year of 1911. *Comes* v. *Lamson*, 16 Conn. 246; Smith on Fraud, § 348.

Before any recovery can be had herein upon the verbal contract, it is necessary to show that a new contract was made during the year of 1911 by which appellee was employed for that year, and this means that there must have been, during the year of 1911, a contract made for his employment by the appellant or its manager and the said appellee, by the terms of which, either express or implied, the length of time and price of his services were then agreed upon.   The following holding was made in the case of *Oddy* v. *James,* 48 N. Y. 685, and we think it is correct: "Where a verbal agreement is entered into for the work and labor of one of the parties for a year, to commence *in futuro,* an entry upon the employment with the acquiescence of the employer, but without a new contract, does not take the case out of the statute of frauds, and the employer is not liable under the contract." See also *Odell* v. *Webendorfer,* 64 N. Y. Supp. 451.

Inasmuch as upon a further trial of this case other testimony may be introduced, we do not deem it proper to pass upon the question as to whether or not the testimony which was introduced upon the trial of this case was sufficient to support the verdict in favor of appellee.

For the above error, as indicated, the judgment is reversed, and this cause is remanded for a new trial.