McCullough *v.* Leftwich.

5-2130                    334 S. W. 2d 707

Opinion delivered April 25, 1960.

*J. H. Evans,* for appellant.

*R. S. Dunn,* for appellee.

J. Seaborn Holt, Associate Justice. This is a suit by appellees seeking reformation of a deed. The lower court granted the relief which appellees sought and this appeal followed.

On February 14, 1944, C. E. Mills (now deceased) and the appellant, David R. McCullough, entered into a written contract for the purchase of 480 acres of land in Logan County. This contract provided that McCullough was to pay Mills for the land over a period of years in installments, and that a clear title to the land would be delivered to McCullough by Mills upon receipt of the last installment subject, however, to the following reservation in the contract of the mineral rights in all of the 480 acres of land: "It is agreed and understood by all parties concerned that all oil, gas or/and mineral rights are reserved in, on and under the land described in this contract, and no oil, gas or mineral rights go to the party of 2nd part herein." McCullough was the second party referred to. Before all payments under the contract were completed, Mills died and his wife, acting as the personal representative of his estate, petitioned the probate court for permission to carry out the terms of her husband's contract with McCullough and deliver title to McCul-

lough upon receipt of all payments. The court granted this petition and on August 11, 1951, a deed was given by the personal representative, joined in by the heirs at law of the deceased, Mills, giving the appellant, McCullough, surface title to all the land and also mineral rights to the 80 acres now in dispute. In June of 1956, McCullough conveyed the surface rights to the 480 acre tract and reserved the mineral rights in this 80 acres to himself. On January 28, 1958, the appellees, heirs at law of C. E. Mills, Sr. and Maude Mills, both deceased, filed suit against McCullough to reform their deed of August 11, 1951, alleging that the 80 acres of mineral rights were conveyed to McCullough through mistake. The trial court granted appellees this relief and this appeal followed.

For reversal, appellant relies on the following points: ''(1) The findings, conclusions and decree of the trial court were not supported by substantial evidence and on the case as a whole the appellees failed to prove they were entitled to the relief sought by clear and convincing evidence (2) The trial court erred in permitting appellees to introduce additional evidence after the filing of appellant's motion to dismiss because of insufficiency of the evidence (3) The trial court erred in failing to sustain appellant's motion to dismiss at the time it was filed (4) The trial court erred in overruling appellant's motion to dismiss after allowing appellees to introduce additional testimony.''

Appellant's principal contention is that the appellees failed to meet by clear and convincing evidence the burden of proof that a mutual mistake had occurred. A review of the record presented discloses the following facts: Mrs. Callahan, a long-time secretary of Mr. C. E. Mills, testified that she drew the original contract between C. E. Mills and David R. McCullough to execute the deed and that the copy attached to the petition of appellees was a true and correct copy of the original contract, which, as above indicated, reserved the mineral rights in the 480 acres of land. Mrs. Phillips, the deputy circuit clerk, testified that a copy of the probate pro-

ceedings, above referred to, was true and correct. This order of the probate court, approving execution of the deed to Mr. McCullough, contained a specific reservation of the mineral rights, and gave authority to the administratrix to convey only the surface rights of the 480 acres. The reservation was as follows: "That on the 14th day of February, 1944, the decedent, C. E. Mills, did enter into a sales contract with the said David R. McCullough to sell and convey unto the said David R. McCullough the lands herein above described, except all oil, gas or/and mineral rights were reserved in on and under said lands, no oil, gas and or any mineral right to be conveyed to party of the second part, David R. McCullough."

There was in evidence a letter, dated December 11, 1957, written by McCullough to C. E. Mills, Jr., stating that he was under the impression that the Missouri Pacific Railroad had reserved all the mineral rights on the 480 acres because he, McCullough, had in his possession a letter written by Mr. Mills (C. E. Sr.,) on January 26, 1944, to that effect. This letter recites, in part — "On Jan. 26th, 1944, I have a letter from your father written to Tonopah, Nev. where I was running sheep at the time to the effect that the land involved of 480 acres was acquired from the Missouri Pacific Railroad Co. and they reserved the Oil, Gas and mineral rights on this 480 acres." There was other testimony that the Mills heirs, appellees, have been claiming and paying taxes on the mineral rights in this 80 acres at all times since the purported conveyance by them. Francis H. Leftwich testified that the Mills heirs have been leasing this 80 acres and drawing royalty checks from the Gulf Oil Company since 1956 and that the Mills heirs have assessed and paid taxes on it. Mrs. Norma L. Leftwich testified that she is the daughter of C. E. Mills, deceased, and prior to his death and after she was familiar with the land transactions; that she worked in his office after his death and was acquainted with the above contract between her father and McCullough: "Q. Do you recall, I will ask you to examine that instrument and state to the court if you signed it? A. Yes, sir, I did. Q. Was it or was it not the intention of your mother and of the C. E. Mills

children to convey any of the mineral rights in that deed or to reserve them? A. We meant to reserve them. Q. Under how many acres? A. 80 acres. Q. There is an error in the deed if it conveys 80 acres of mineral rights to Mr. McCullough? A. Yes, sir.''

We have concluded, after reading the entire record, that the testimony set out above was sufficient to sustain the heavy burden on appellees to prove by clear and convincing evidence that a mutual mistake occurred and that the court correctly granted appellees the relief prayed. See *Black* v. *Been,* 230 Ark. 526, 323 S. W. 2d 545.

### (2-3-4)

Appellant's contentions two, three and four, which we consider together, are without merit. We hold that the court did not err in allowing appellees to introduce additional evidence following appellant's motion to dismiss because of insufficiency of the evidence. This action of the court was clearly a matter within its sound discretion and unless abused, does not constitute error. We find no abuse of this discretion on the record before us. In *Oak Leaf Mill Company* v. *Cooper,* 103 Ark. 79, 146 S. W. 130, we held: ''Where the plaintiff closed his case, whereupon defendant moved for a peremptory instruction to find in its favor, it was not an abuse of discretion for the court to permit the plaintiff thereafter to introduce other testimony in order to develop his case further.'' The text writer in 88 C. J. S. Trial § 105, p. 220 announces the rule in this language: ''It is within the discretion of the court whether or not to admit further evidence after the party offering the evidence has rested, and this discretion will not be reviewed except where it has clearly been abused.''

On the whole case, finding no error, the decree is affirmed.