## Gene Bryan KENNEDY *v.* Helen Ovita KENNEDY

5-4405 421 S. W. 2d 611

Opinion delivered December 18, 1967

*Hout, Thaxton & Hout*, for appellant.

*Ward & Mooney*, for appellee.

CONLEY BYRD, Justice. Appellant, Gene Bryan Kennedy, questions the authority of the chancellor, before entry of a final divorce decree, to reopen the case to permit the wife, Helen Ovita Kennedy, to introduce certified copies of deeds to the real property jointly owned by the parties.

The record shows that at the beginning of the hearing appellant refused to stipulate that the real property was jointly owned, but that he did stipulate to a description of the property. After the close of the hearing the chancellor found that the wife was entitled to a divorce and that no effort had been made to show how the title to the real estate was held. He concluded that he would have to assume that the title was in appellant, entitling the wife to one-third for life. The chancellor hesitated to order a sale of the property for purposes of making a division. Hoping that counsel could work out a division, he gave them until a day certain to do so, with the understanding that if a division had not been worked out by that time, he would take the matter in his own hands and make a distribution.

Before the day certain the wife filed a motion to reopen the case to introduce certified copies of deeds showing the joint ownership of certain real property involved. The chancellor granted the motion, held a hearing and incorporated into the final decree a sale and distribution in accordance with the title as shown by the deeds.

Appellant either mistakes the chancellor's oral statement dictated into the record after the first hearing as a final decree or misunderstands the nature of a Bill of Review. As to the latter, its function is to permit the chancellor, under certain limited circumstances, to review and reverse a final decree already entered of rec-

ord. A Bill of Review has no application to the discretion vested in a chancellor to reopen a case before the entry of final decree upon the record. *Turner* v. *Tapscott,* 30 Ark. 312 (1875); *Tollett* v. *Knod,* 210 Ark. 785, 197 S. W. 2d 744 (1946); *McCullough* v. *Leftwich,* 232 Ark. 99, 334 S. W. 2d 707 (1960).

Nor can we find any merit to appellant's contention that the chancellor abused his discretion in reopening the case.

Affirmed.