## Aaron G. Peer v. James Ryan.

*Experts—Presumption of negligence—Special questions.*

1. An expert's qualifications depend on his experience and not upon his profession: a man may know something of horses without being a horse-doctor.

2. The owner of a stallion was sued for the value of a mare that was ruined by service per rectum. *Held,* error to require plaintiff to show that such service was due to defendant's negligence; the inference would be that it was.

3. Special questions requiring the jury in an action of negligence to specify what defendant did or omitted, are erroneous; if the jury is satisfied that he was wanting in care plaintiff is entitled to their general verdict.

Error to Huron.   (Wixson, J.)   June 11.—June 18.

Case.   Plaintiff brings error.   Reversed.

*Engle & Engle* for appellant.

*Winsor & Snover* for appellee.

Cooley, C. J.   The defendant was owner of a stallion by which a valuable mare belonging to the plaintiff was served. The plaintiff claims that the mare was fatally injured in the operation through the entry of the rectum, and that this occurred by the negligence of defendant's groom, and he sues to recover her value.

After proving the injury the plaintiff, to show negligence, put upon the stand a man who testified to having had very long experience as owner and manager of stallions, and asked him whether, under the circumstances, if the service had been properly performed such an injury could have been received. The question was objected to and ruled out because the witness was not a veterinary surgeon.   This was error.   It was the experience of the witness that qualified him to express an opinion upon the question, and not his having taken up a

profession which might or might not have given him infor-
mation or experience of equal value.

Evidence was given that immediately after the mare was
served, she was in great pain and commenced sweating on
her sides and loins, so that the perspiration rolled off of her.
A witness who testified to large experience in such cases was
asked to state whether he ever before saw a mare in the same
condition directly after being served with a horse, but as the
witness made no claim to being a horse-doctor the question
was ruled out. The error in this case was the same as in the
other.

We also think that the manner in which the judge sub-
mitted the case to the jury was well calculated to lead the
jury to suppose that more proof was required of the plaint-
iff than could be demanded by law. The judge told the
jury that, to entitle the plaintiff to recover, he must show—
*first*, that the entry was made of the rectum as claimed by
the plaintiff; and *second*, that it was so made by reason of
the negligence or want of care of defendant's groom. But
we think that if the rectum was entered the inference must
be, in the absence of any evidence to show other cause, that
the groom was wanting in due care.

The judge also submitted to the jury the following special
questions:

1. Do you find from the evidence that defendant's groom
omitted any precaution that he might have taken in serving
the plaintiff's mare, and if so, what?
2. Do you find from the evidence that defendant's groom
did anything in serving plaintiff's mare that he ought not to
have done, and if so, what?

Neither of these was proper. The effect of submitting
them was likely to be to impress the minds of the jury that
before they could return a verdict for the plaintiff, they
must be able to specify and agree upon the particular act or
omission of the groom from which the injury resulted. But
this would be error. The jury might have been satisfied of
a want of care, deducible from all the circumstances, without
being able particularly to describe or define it; and if they

were convinced of such want of care, and believed the injury resulted from it, the plaintiff was entitled of right to their general verdict.

A new trial must be ordered.

The other Justices concurred.