## GREEN CAVENDER v. C. V. FAIR.

1. QUESTION OF FACT—*Verdict and Judgment, Conclusive.* Where a question of fact is submitted to a jury, and there is competent evidence tending to establish such fact, the verdict of the jury and the judgment thereon are conclusive.

2. MARE AND STALLION—*Death—Instruction, not Erroneous.* In an action brought to recover damages for the death of a mare, resulting from an injury received while being served by a stallion, and the court among other things instructs the jury that if they find that the injury occurred, and that such injury was caused by the negligence of the defendant, the owner of the stallion, then they should find for the plaintiff, *held*, not error.

*Error from Wabaunsee District Court.*

THE opinion states the nature of the action, and the material facts. Trial at the June term, 1886, and judgment for plaintiff, *Fair*, for $80 damages, and costs. The defendant, *Cavender*, brings the case here.

*A. H. Case*, for plaintiff in error.

*Doolittle & Stringham*, for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought by C. V. Fair to recover damages resulting from the death of his mare. The objections urged against this judgment are, first, that the evidence was not sufficient to sustain the judgment; and second, that the court erred in its instructions to the jury. This cause was tried by a jury, and the questions at issue were: First, whether or not the plaintiff's mare was injured in being served by the defendant's stallion; and second, if so injured, was it caused by the negligence of the defendant? The evidence showed that the plaintiff brought his mare to the defendant's place at dark on the day of the injury, and insisted upon breeding his mare that night. Plaintiff claims that he did not desire to breed the mare, provided it was dangerous, and offered evidence to show that fact; and further, to show that it was not dangerous nor hazardous to

breed a mare by lamplight. On the other hand, the defendant claimed that it was dangerous to breed mares by lamplight, and that he so informed the plaintiff, and told him that if he bred the mare, it would be at the risk of the plaintiff, and offered evidence tending to establish that fact. This question was one of fact. There was some evidence tending to support the plaintiff's theory, and also to support the defendant's theory. The jury found for the plaintiff, and their finding is conclusive.

As to the second objection, we have examined the instructions of the court, and find no error therein. Defendant insists that the instructions are defective under *Johnston v. Clements*, 25 Kas. 376. That was a case like the one at issue. In the instructions to the jury the court presumed that the injury had taken place, or in other words, that there was a false entry, and by reason of that false entry the injury occurred; and submitted but one question to the jury, as to whether or not the injury was occasioned by the negligence of the defendant. In this case the court submitted both questions to the jury: First, did the injury of the false entry occur? Second, if it did occur, was it caused by the negligence of the defendant? We think this was correct, and that the court properly instructed the jury.

We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.