Filed April 28, 1891.

---

## No. 74.

## MEDSKER v. POGUE.

NEGLIGENCE.—*Evidence.*—In an action to recover for an injury to a mare from a wrong entrance, caused by the negligence of the owner of the stallion, it is error to permit witnesses, even though experts, to testify that in their experience they had known of wrong entrances, of the character described in the complaint, being made without injury to the mares.

SAME.—*Charge of.*—*Indefiniteness.*—An.objection first made on appeal that the charge of negligence in such action is not sufficiently definite presents no question.

APPELLATE COURT.—*Improper Admission of Material Evidence.*—*Presumption.* —Where material evidence has been improperly admitted it will be presumed that it influenced the verdict or finding unless the contrary clearly appear.

PLEADING.—*Complaint.*—*Date.*—*Abbreviation.*—The figures "88," stating in a complaint the date of the commission of a tort, will be read as "1888."

STATUTE OF LIMITATIONS.—*Plea of.*—*Complaint.*—A demurrer to a complaint, on the ground that the action is barred by the statute of limitations, will not lie unless it appears on its face that the action was not commenced within the period of limitation, and, also, that the case is not within any of the exceptions.

From the Sullivan Circuit Court.

*J. T. Hays, S. Chaney* and *W. S. Maple,* for appellant.

*W. C. Hultz* and *O. B. Harris,* for appellee.

NEW, J.—The appellant was the plaintiff below. He alleges in his complaint that the appellee undertook to cause a stallion, of which he was the owner and keeper, to serve a mare belonging to appellant, and in so doing, by his negligence and carelessness, caused the mare to receive an injury of which she died.

A demurrer to the complaint being overruled, and exception taken, a general denial was filed to the complaint.

The cause was tried by a jury, and verdict returned for the appellee.

A motion for a new trial was then made by the appellant, which was overruled, and exception taken. Judgment was given against the appellant for costs.

The overruling of the motion for a new trial is assigned for error by the appellant.

Of the reasons named for a new trial we need notice only those which relate to certain evidence which was admitted over the objection of the appellant, and instructions given by the court and excepted to by the appellant.

The appellee was permitted by the court, over the objec-

tion of the appellant, to introduce the testimony of several witnesses, that in their experience they had known of wrong entrances, such as described in the complaint, being made by stallions and jacks, without any injurious result to the mares.

This evidence was not competent; it was clearly irrelevant and incompetent.

The ruling question in the case was whether the particular act complained of in the complaint was the result of negligence on the part of the appellee, and if it was, whether the death of the mare was caused thereby, without fault or negligence by the appellant.

The evidence thus improperly admitted related to facts outside of those in dispute, and in no way tended to raise a legal presumption in support of the appellee's theory as to his freedom from negligence.

A jury will not be allowed to decide the principal facts which they have been called upon to try, by making remote inferences from facts, having no visible connection with those in dispute.   *United States* v. *Ross*, 92 U. S. 281.

The only presumptions of fact which the law recognizes are those which arise or may be inferred immediately from the facts proved.   *Cleveland, etc., R. W. Co.* v. *Wynant*, 114 Ind. 525.

It is upon this principle that courts are daily called upon to exclude evidence as too remote for the consideration of the jury.   The law requires an open and visible connection between the principal or evidentiary facts, and the deductions from them, and does not permit a decision to be made on remote inferences.   Best Ev. 95 ; *Manning* v. *Insurance Co.*, 100 U. S. 693.

A fact which renders the existence, or non-existence, of any fact in issue probable, by reason of its general resemblance thereto, and not by reason of its being connected therewith, is deemed not to be relevant to such fact.   7 Am. & Eng. Encyc. of Law, p. 58.

Such collateral evidence tends to draw away the minds of

jurors from the point in issue, and to excite prejudice and mislead them; and, moreover, the adverse party having had no notice of such a course of evidence, is not prepared to rebut it. Greenleaf Ev. (14th ed.), sections 52 and 448; *Clark* v. *Willett*, 35 Cal. 534; *Central Pacific R. R. Co.* v. *Pearson*, 35 Cal. 247. The following cases also bear upon this question: *Nave* v. *Flack*, 90 Ind. 205; *Western U. Tel. Co.* v. *Levi*, 47 Ind. 552; *Bauer* v. *City of Indianapolis,* 99 Ind. 56.

Some of the witnesses, whose testimony was of the character indicated, were persons who had been engaged in standing horses and jacks. Such evidence, even from experts, is not admissible. While the opinion of experts may be based on their observation and experience in similar cases, yet the principle is well settled that such witnesses can not, on their direct examination, be questioned concerning the particular cases which have happened to come under their observation, and have no connection with the case in hand. The reason of the rule is, manifestly, to prevent the introduction of innumerable side issues, which might render the trial of a cause interminable, distract the attention of the jury from the real issue, and render the costs in a case unnecessarily burdensome. Different experts might have different theories, and each theory might be founded on the observance of several and distinct cases, each of which the opposite party would have a right to controvert. And inasmuch as a party would be unable to anticipate the cases which the experts on the other side would mention, he would be unable to prepare for their investigation, and would, therefore, be unable to properly avail himself of his right to controvert them. *Horne* v. *Williams*, 12 Ind. 324; Rogers Expert Testi., p. 47.

The evidence complained of by the appellant could hardly fail to mislead the jury.

Where material evidence has been improperly admitted, it will be presumed that it influenced the verdict, or finding,

unless the contrary clearly appear.    *Weik* v. *Pugh,* 92 Ind. 382; *Baker* v. *Dessauer,* 49 Ind. 28.

Instruction numbered three, given by the court to the jury, and objected to by the appellant, was erroneous.  It gave the jury plainly to understand that they could consider the evidence which we have held to have been improperly admitted.

The objection made by the appellee to the complaint by cross-assignment of error, is not well taken.

Negligence may be charged in general terms.  If the appellee desired a more specific statement of facts in the complaint, he should have asked for that in the court below, and it would then be determined, in the first instance, whether he was entitled to a more specific statement of facts.

The appellee's position that the complaint shows upon its face that the cause of action is barred by the statute of limitations, and that the complaint is therefore bad, is not sound. The figures " 88 " are evidently meant for " 1888 ; " but even if we are not warranted in so treating this statement of date, still the conclusion deduced by the appellee is wrong.   The statute of limitations contains exceptions, and a demurrer will not lie to a complaint unless it appears from the complaint that the case is not within any of the exceptions. *McNagny* v. *Frazer, ante,* p. 98; *Shewalter* v. *Bergman,* 123 Ind. 155; *Hogan* v. *Robinson,* 94 Ind. 138; *Newsom* v. *Board, etc.,* 92 Ind. 229; *State, ex rel.,* v. *Younts,* 89 Ind. 313; *Devor* v. *Rerick,* 87 Ind. 337; *Dunn* v. *Tousey,* 80 Ind. 288; *Harlen* v. *Watson,* 63 Ind. 143; *Potter* v. *Smith,* 36 Ind. 231.

For error in the admission of improper evidence and the giving of erroneous instructions the judgment is reversed, with costs. .

The cause is remanded, with directions for a new trial in accordance with this opinion.

Filed April 18, 1891.