### COTTON *v.* INGRAM.

### Opinion delivered October 5, 1914.

1.   APPEAL AND ERROR—EXCEPTIONS—REVIEW—SUFFICIENCY OF EVIDENCE.— Where no exceptions were saved to the introduction of testimony, nor to the instructions of the court, the only question presented for review on appeal, is the sufficiency of the evidence to sustain the verdict.

2.   ANIMALS—SERVICE OF MALE—NEGLIGENCE.—One who furnishes the service of a male animal for breeding purposes is held to ordinary care to prevent injury to the female.

3.  PRINCIPAL AND AGENT—AUTHORITY OF AGENT—PROOF.—The authority of an agent can not be proved by his own declarations.

4.  PRINCIPAL AND AGENT—ACTS OF AGENT—APPARENT SCOPE OF AUTHORITY.—The principal is liable for the acts of his agent done within the apparent scope of his authority.

5.  ANIMALS—SERVICE OF MALE—INJURY TO FEMALE—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.—Plaintiff's mare was injured while being served by defendant's stallion, due to negligence of defendant's son, who was in charge of the stallion. *Held*, under the evidence, defendant's son was acting for defendant within the apparent scope of his authority rendering defendant liable for his negligence.

Appeal from Van Buren Circuit Court; *George W. Reed,* Judge; affirmed.

*G. C. Bratton,* for appellant.

1.   Agency can not be proved by the declarations of the alleged agent.   86 Neb. 519, 125 N. W. 1072; 31 Ark. 212; 33 Ark. 251; *Id.* 316; 44 Ark. 213; 46 Ark. 222.

2.   If appellee knew that Martin Cotton had had no experience in handling stallions, he assumed the risk of injury to the mare.

3.   Under the testimony, it was purely a question of law whether or not the injury was accidental; and if there was any negligence, appellee's own testimony shows that he was the negligent party, in allowing the mare, which he was holding, to make the move which caused the accident.   1 Am. & Eng. Enc. of L. 82.

*Appellee, pro se.*

1.   Where acts are done within the apparent scope of the agent's authority, the principal will be held liable, even though the agent had no authority.   Tiffany on Agency, 183, and authorities cited; 38 Ark. Law Rep. 348; 96 Ark. 456.

2.   The relation of master and servant does not enter into this case, and the doctrine of assumption of risk does not apply.   There is no assumption of risk where the damage is caused by negligence.   26 Cyc. 1180.

3.   The evidence that the injury and death of the mare resulting from an entrance per rectum raises a presumption of negligence.   19 N. W. 961.

McCulloch, C. J.  (1).  A mare owned by the plaintiff died from injuries received while being served by a stallion, and this is an action against the defendant to recover the value of the mare on the ground that defendant's servant was negligent in handling the stallion when serving the mare.  The plaintiff recovered judgment below and the defendant has appealed.  No exceptions were saved to the introduction of testimony nor to the instructions of the court; therefore, the only question presented for review is whether the evidence was sufficient to sustain the verdict.

Defendant was not the owner of the stallion, but arranged with the owner, who lived in another locality, to let him have the stallion to stand at his farm during that season.  The undisputed testimony of the defendant is that the owner of the stallion agreed to send the animal over on the last of March, but failed to send him until the fourth day of April, when defendant was away from home.  Defendant had a son nineteen years of age, who, according to the testimony, looked after his father's stock during the latter's absence.  The plaintiff took his mare over to defendant's farm on April 8 and she was served by the stallion in the absence of the defendant, and the latter's son attended to it.

There is a sharp conflict between the testimony of the plaintiff and that of the defendant's son concerning the incidents attending the service.  The plaintiff testified that the young man held himself out as having authority to handle the stallion and as having sufficient experience to do so; but, on the other hand, the young man testified that he had had no experience and did not claim to be able to handle the stallion, but that he attempted to do so at the urgent request of the plaintiff himself.  At any rate, the mare was injured while being served by the stallion, and the evidence is sufficient to establish negligence on the part of defendant's son in handling the stallion.

In a Michigan case, almost identical with this one upon the facts, Judge Cooley, speaking for the court, held

that the injury under the circumstances described was sufficient to make out a *prima facie* case of negligence. *Peer* v. *Ryan,* 54 Mich. 224.

A text book on the law of animals lays down a different rule, to the effect that under such circumstances it devolves upon the owner of the injured mare to prove negligence. Ingham on Animals, § 106.

Without attempting to reconcile those conflicting views of the law, it is sufficient to say that in this case the evidence was sufficient to warrant the jury in drawing an inference of negligent conduct from all the circumstances proved in the case, including the manner in which the mare was injured.

(2)   The text book above referred to lays down the law to be that one who furnishes the service of a male animal for breeding purposes is held to ordinary care to prevent injury.   There can be no question about that being the law.

(3-4)   The most serious question in the case is whether the evidence is sufficient to show authority on the part of defendant's son to put the horse to the mare. The evidence on the part of the defendant is that when he left home he did not know that the horse was to be sent over to his place, as the time had expired by one day for the owner to send him.   He testified further that he had given no instructions to his son concerning the horse, and that the act of his son was either induced by the request of the plaintiff himself or that it was gratuitous and without authority.   The plaintiff testified that the young man told him that he had authority to handle the horse and that his father expected him to attend to the horse during that breeding season; but it is too well settled for controversy that the authority of an agent can not be proved by his own declarations.   It is equally well settled in the law, however, that the principal is liable for the acts of his agent done within the apparent scope of his authority (*Brown* v. *Brown,* 96 Ark. 456), and on this theory of the case we think that the evidence sustains the verdict.

(5)   The evidence is that the defendant's son was nineteen years of age and was left in charge of his father's stock during the latter's absence.   The evidence does not show that the appearance of the young man indicated lack of discretion and physical strength of the average of those of his age, or that he lacked sufficient strength to handle the stallion under such circumstances. He was before the jury as a witness and they had the opportunity of determining whether or not he had the appearance of being a man able to do that kind of work. He held himself out to the plaintiff, according to the latter's testimony, as having sufficient experience to do so, and we can not say that under the circumstances the plaintiff was at fault in assuming that the young man was able to do what he proposed.   Under those circumstances, we think that the act of the defendant's son was within the apparent scope of his authority.   That being true, the evidence is sufficient to sustain the verdict, and the judgment is accordingly affirmed.