EDWARD E. SPRECHER, Appellee, v. F. R. ENSMINGER, Appellant.

**Negligence in breeding animals:** EVIDENCE. One negligently permit-
1    ting a stallion to injure a mare while in the act of breeding her is liable therefor. The evidence is held to show that the groom was negligent in failing to assist the stallion, resulting in a wrong entry, from the effects of which the mare died.

**Same:** NEGLIGENCE: UNAVOIDABLE ACCIDENT. Omission to do that
2    which a reasonably prudent and cautious person would do under like circumstances is negligence, and cannot be considered an accident. Thus where it was the duty of the groom to assist a stallion when breeding a mare, which he failed to do and injury thus resulted to the mare, it will not be considered an accident.

**Appeal:** REVIEW OF COURT FINDINGS IN LAW ACTIONS. Where a law
3    action is tried to the court its finding has the force and effect of a

jury verdict, and if there is evidence to support it the finding will
not be disturbed on appeal, although the appellate court might have
reached a different conclusion.

*Appeal from Marshall District Court.*—HON. C. B. BRADSHAW,
Judge.

TUESDAY, OCTOBER 20, 1914.

ACTION to recover damages claimed to have resulted
from the negligence of the defendant in breeding his stallion
to plaintiff's mare, in consequence of which she subsequently
died.     Judgment for the plaintiff.     Defendant appeals.—
*Affirmed.*

*Struble & Stiger* and *Bradford & Johnson,* for appellant.

*Cummings & Mote,* for appellee.

GAYNOR, J.—On or about June, 1911, the plaintiff bred his
mare to defendant's stallion; that in the act of breeding the
mare was injured, and from the injury received subsequently
died.     Plaintiff claims that the injuries and death were the
direct and proximate result of the negligence of the defendant
in handling the stallion at the time.

Defendant, answering plaintiff's petition, denies any neg-
ligence on his part, and further says that this defendant adver-
tised to the public the terms on which mares would be bred dur-
ing said season to said stallion, which said notice was posted
and published in said Marshall county in public places therein,
and on the front door of the stall at the feed barn of E. W.
Harmon, in Marshalltown, Iowa, where said stallion was kept
for breeding purposes, and that, prior to the breeding of said
plaintiff's mare to said stallion, a copy of said notice was given
to the plaintiff, and he well knew, prior to his bringing said
mare to the said stallion for breeding purposes, the terms on
which said mare would be bred to said stallion, and on which

said stallion was being bred, which said notice in writing so posted and delivered to said plaintiff, was in the following words, namely:

Terms for Sportsman or Frank Strath—$15.00 to insure mare with foal. Parties selling or removing mares from county forfeit insurance and service fee becomes due at once. Care will be taken to prevent accidents, but will not be responsible should any occur.

F. R. Ensminger, Gilman, Iowa.
W. H. Galbraith, Groom.

And this defendant avers that said mare was brought to said stallion for breeding purposes after the posting and publishing of said notice and the delivering of a copy of the same to said plaintiff, as to the terms on which said mare would be bred to said stallion, and that, by reason thereof, this defendant is not liable for any accident that occurred while said mare was being bred to said stallion.

As a defense to said cause of action alleged in plaintiff's petition, defendant avers that said mare owned by said plaintiff and brought to said stallion, Frank Strath, for breeding purposes on the 19th day of June, 1911, was nervous, vicious, and hard to cover, and that at the time said mare was being covered or bred by said stallion, Frank Strath, she extended her rectum in answer to a call of nature, and while the said rectum was so extended the accident complained of, as stated in plaintiff's petition, occurred, which was unavoidable and without negligence on the part of this defendant, and the said accident was incidental to the breeding of said mare, unavoidable, and a risk that the plaintiff took in bringing said mare to said stallion to be bred.

The cause was tried to a court without a jury, and the court found in favor of the plaintiff, and entered judgment for the plaintiff for $100. From this judgment, defendant appeals.

The defendant in his argument says that he submits no

brief to the court, as the sole question in this case is: Has the plaintiff, by a preponderance of the evidence, proven that the defendant was negligent in breeding his stallion to plaintiff's mare? There is no question, under this record, that in the act of breeding the mare was injured, and that from the injury received she died; that at the time the service was attempted the mare was in the act of defecating; that a wrong entry was made; and that this was the cause of her injury and subsequent death. The question, therefore, is: Does the evidence show that the injury resulted from mere accident, or does it show that the groom in charge of the stallion was negligent in permitting the entry to be so made?

The defendant claims that the evidence shows the injury was the result of an unavoidable accident; that the groom was holding the stallion and standing within two feet of him, waiting and ready to assist; that the mare was restless, turning and leaping; that he had no clear view of the operation or of the act of entering; that immediately perceiving an irregular entry he jerked the stallion from the mare. Defendant testified:

That if the party handling the stallion can see, it is his duty to see that proper penetration is made, or not allow the leap.

By the leap we understand is meant the last act that completes the penetration.

Galbraith testified that at the time the stallion mounted the mare she was in the act of defecation and the rectum extended.

I saw her having this movement of the bowels, and saw the horse entering her at the time, and I took the horse off immediately. It is the duty of the groom to assist the horse in making proper entry. I afterwards, on this same day, bred the mare, assisting the stallion to make the entry.

In the nature of things, the mount must precede the leap. The leap consummates the act. The jury might well have

found that it was the duty of the groom to control the action

1. NEGLIGENCE IN BREEDING ANIMALS: evidence.

of the stallion after the mount until proper penetration had been made, and not to allow the leap until this had been accomplished.

The jury might well have found, from this testimony, that the groom perceived that a wrong entry had been made before the leap that consummated the act of entry had taken place, and negligently failed to control the action of the stallion until after the completed penetration that injured the mare had taken place. However this may be, we are satisfied that there was enough before the court to justify a finding that the groom was negligent in respect to the matter charged.

An accident is any casualty which could not be prevented by ordinary care and diligence. If it were the duty of the groom, as testified to by the defendant and Galbraith, to

2. SAME: negligence: unavoidable accident.

assist the horse in making proper entry, the court might well have found that the groom was negligent in permitting the stallion to make the final leap until he had either assisted in making a proper entry, or had seen to it that a proper entry had been made.

Negligence is the omission to do that which a reasonably prudent and cautious person would not omit to do, under like circumstances.

This is a law action. The finding of the court has the force and effect of a jury verdict. If there is evidence supporting the finding of the court upon the fact issue, this court

3. APPEAL: review of court findings in law actions.

will not disturb it, although this court might reach a different conclusion upon that evidence. See *Robbins v. Selby*, 144 Iowa, 407,

and *Padrnos v. Century Fire Insurance Co.*, 142 Iowa, 199.

It is not claimed that the mere posting of the notice relieved the defendant of the consequences of negligence, if any proven; so we will not discuss the sufficiency of this claim as a defense. It appears to us that negligence was proven and

the very negligence charged; that the court, therefore, rightly held defendant liable to the plaintiff on account thereof.

The judgment is therefore—*Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.