NELSON OXFORD, Appellant, v. LOUIS M. DUDLEY, Respondent.

Springfield Court of Appeals, January 14, 1920.

1. **ANIMALS: Owner of Male Animal Liable for Injury to Female Where Negligent.** The owner of a male animal is liable for injury done to a female in and by the act of service, including injury by reason of a false or wrong entry, where such injury is attributable to any negligence or lack of skill of such owner.

2. ———: **Evidence Establishing Prima-facie Negligence by Owner of Stallion in Serving Mare.** In action against owner of stallion for death of mare from entry of rectum, proof that owner permitted stallion to act at will while mare was being held, and took no precaution in aiding or guiding the stallion in the act of serving the mare, *held* to establish *prima-facie* case of negligence or want of skill of owner in handling stallion.

3. ———: **Evidence Sufficient to Show Negligence in Handling of Stallion Serving Mare.** In action against owner of stallion for death of mare from injuries sustained while being served by stallion, evidence that groom handling stallion permitted the rectum to be twice entered *held* sufficient to justify finding of negligence in the handling of the stallion.

4. ———: **That Owner of Mare Had Been Negligent on Prior Occasions no Defense in Action Against Owner of Stallion for Negligence.** In action against owner of stallion for death of mare from

injuries sustained while being served by stallion, on ground that owner in handling stallion was negligent, it was no defense that plaintiff, owner of mare, had on prior occasions, been guilty of the same negligence while in owner's employ, and while subject to his direction and control.

5. ————: Owner of Mare not Contributorily Negligent When it Was Negligently Served by Stallion. That owner of mare was present and holding mare, and observing without protest manner in which mare was being served by stallion, did not make owner contributorily negligent, so as to preclude him from recovering for death of mare as result of negligence or want of skill on part of groom handling stallion, unless act of such groom was so obviously dangerous that no prudent man would stand mute.

6. ————: No Assumption of Risk by Owner of Mare in Permitting Her to be Served by Stallion. Owner of mare, in permitting mare to be served by stallion, did not assume the risk of negligence of owner of stallion.

7. NEGLIGENCE: Risk of Negligent Act not Assumed. The law of assumed risks in this State has narrow limits, and applies generally, if not always, to those dangers attendant on the act or method, when done in a manner free from negligence.

8. ANIMALS: Evidence of How Stallion Was Handled by Another Admissible to Negative Negligence of Owner in Action for Death of Mare. In action for death of mare from injuries sustained while being served by stallion negligently handled by defendant owner, evidence that plaintiff owner of mare had managed the stallion in the same manner that defendant had managed it held admissible to negative defendant's negligence.

9. ANIMALS: Evidence of General Usages Admissible on Question of Negligence in Handling Stallion Serving Mare. In action for death of mare from injuries sustained while being served by stallion claimed to have been negligently handled by defendant owner, evidence of general usages and customs was admissible on issue of whether defendant did what a reasonably prudent man would have done under the same circumstances; but evidence of what particular persons did on particular occasions, or even generally, was not admissible on direct examination.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

REVESSED AND REMANDED.

*Sam J. Corbett*, for appellant.

*Ward and Reeves*, for respondent.

STURGIS, R. J.—The alleged facts upon which this suit is based are that the defendant was the owner of a certain stallion which he used in serving mares for hire; that plaintiff was the owner of a mare which he took to defendant to be served by such stallion; that defendant was guilty of negligence in his manner of handling such stallion in the process of breeding such mare resulting in inflicting injuries to such mare from which she died. The trial resulted in a verdict and judgment for defendant and plaintiff appeals, complaining of the admission of improper evidence and the giving of erroneous instructions.

The owner of a male animal is liable for injury done to a female in and by the act of service where such injury is attributable to any negligence or lack of skill of such owner and this includes injury done to the female by reason of a false or wrong entry—that being the nature of the injury complained of here. [3 C. J. 49, and cases there cited; Jones v. Darden (Ala.), 7 So. 923.]

While it was not admitted and therefore plaintiff was required to prove that his mare was injured in the manner stated, there was little or no controversy on this point. There was really only one simple issue involved, to-wit, defendant's negligence or want of reasonable care or skill in handling his stallion. [Cavender v. Fair (Kan.), 19 Pac. 638.] There is no doubt that plaintiff made a prima-facie case by proving that defendant permitted the horse to act at will while the mare was being held and took no precaution in aiding or guiding the horse in the act of serving the mare. It was held by a very learned judge in Peer v. Ryan (Mich.), 19 N. W. 961, "that if the rectum was entered, the inference must be, in the absence of any evidence to show other cause, that the groom was wanting in due care." Certainly where the groom permitted this to occur twice in succession, as was the case here, the jury would be justified finding negligence. [Scott v. Hogan (Iowa), 34 N. W. 444.]

From the nature of the case it seems very probable that the injury was inflicted by the second false entry.

Under the simple issue of defendant's negligence in handling the horse on this particular occasion, the defendant was allowed to prove that plaintiff had previously worked for defendant, had assisted him in handling this same horse in breeding mares and that plaintiff had himself handled the horse in this same manner as defendant did on this occasion and took no more precautions to prevent injury to the mare served than did defendant. Then the court gave these instructions: Instruction No. 2 "You are further instructed that if you find and believe from the evidence in this case, that if plaintiff had, prior to the time in question, worked for defendant and handled said horse in serving mares with said horse in the same manner that defendant handled said horse at the time in question, and that at the time of the alleged injury the plaintiff was present and saw defendant handle the horse and mare in question and assisted him in having the horse serve the mare, and made no objection thereto but acquiesced in the way and manner said mare was being served by said horse, and said mare was served in the usual and customary way and not negligent, then plaintiff cannot recover and your verdict will be for the defendant." Instruction No. 3 "The court instructs the jury that if you find and believe from the evidence that the plaintiff at and before the injury of the animal in question, was well acquainted with the way and manner defendant served mares with his horse, and from said knowledge he had the right to and did expect that his mare would be served at the time in question by said horse in the way and manner that she was served at said time, then plaintiff assumed the risk incident to the manner and way said mare was so served at said time, and your verdict will be for the defendant."

These instructions should not have been given. They raise improper issues for the jury. It is no

defense to defendant's negligence, if any on this occasion, that plaintiff on prior occasions was guilty of the same negligence. Besides, when plaintiff was guilty of the same negligence acts, if they were negligent, he was in defendant's employ and subject to his direction and control and for his negligent acts defendant was liable. Nor is there any question of contributory negligence or estoppel on plaintiff's part, as the second instruction implies, because of his being present and holding his own mare and observing without protest the way and manner his mare was being served by said horse. This probably could be said of every man who takes his mare to be served by a horse. It is not his duty though present to direct the owner of a horse what to do or to protest against the owner's acts—unless indeed plaintiff is guilty of contributory negligence by allowing such an obviously dangerous act that no prudent man would stand mute—a proposition not involved or submitted by this instruction. [29 Cyc. 516.]

The second instruction mentioned is erroneous for predicating assumption of risk of defendant's negligence. If the doctrine of assumption of risks is applicable at all to this kind of case, it has been so often held in this state that no one assumes the risk of another's negligence that we will not stop to cite the cases. If the jury should find that the defendant was negligent then plaintiff did not assume the risk of his negligent acts. The law of assumed risks in this State has narrow limits and applies generally if not always to those dangers attendant on the act or method when done in a manner free from negligence. [Whelen v. Zinc Co., 188 Mo. App. 592, 176 S. W. 704; Gambino v. Mfg. Coal Co., 180 App. 643, 164 S. W. 264.]

The evidence, adduced on cross-examination, that plaintiff had managed this horse in the same manner that defendant did on this occasion may be admissible as tending to show what a reasonably prudent man would do under the same circumstances and thereby

tend to negative defendant's negligence. That, how-ever, is quite different from justifying the instructions mentioned.

There is some merit also in plaintiff's contention that expert witnesses were permitted on direct examination to state their individual habits and methods of handling horses in breeding mares. The real question at issue is whether defendant did what a reasonably prudent person would do under the same or similar circumstances and the general usages and customs may be shown in support of this. What the witness or some other individual did on a particular occasion or even generally is objectionable on direct examination. [Medsker v. Pogue, 27 N. E. 432.]

It follows that the judgment will be reversed and the cause remanded. *Farrington* and *Bradley, JJ.,* concur.