STARK, Respondent, vs. BREDAHL, Appellant.

*September 17—October 13, 1936.*

The cause was submitted for the appellant on the brief of *Knowles & Doolittle* of River Falls, and for the respondent on that of *W. G. Haddow* of Ellsworth.

NELSON, J.   The defendant contends that the court erred in refusing to change the answers of the jury relating to

negligence, causation, and reasonable anticipation, respectively, and that the court should have granted a new trial because the court erred to the prejudice of the defendant in refusing to receive in evidence a certain bill or poster which advertised the defendant's stallion, and which contained in bold-faced type the following words: "Mares Bred at Owner's Risk."

The law applicable to actions like this is well settled. See 2 Am. Jur. p. 724, § 40, where the applicable rule is thus stated:

"*Negligence in service.* A person who furnishes for hire the services of a male animal for breeding purposes is under a duty to exercise ordinary care to prevent the male from injuring the female in copulation, the degree of care to be exercised being proportionate to the degree of danger in the particular case. If the required degree of care is not exercised, the owner of the male animal is liable for all proximate results of such negligence. . . ."

See also 3 C. J. p. 49, § 138, where the applicable law is stated in terms somewhat more specific:

"*Liability for false or wrong entry.* The owner of a male animal is generally held liable for any injury done to the female by reason of a false or wrong entry. The questions in such a case are as to the wrong or false entry, the negligence of the defendant, and whether or not his negligence contributed to the injury, and it is proper always to submit them to the consideration of the jury."

The law as stated is supported by numerous authorities: *Jones v. Darden,* 90 Ala. 372, 7 So. 923; *Cotton v. Ingram,* 114 Ark. 300, 169 S. W. 967; *Scott v. Hogan,* 72 Iowa, 614, 34 N. W. 444; *Sprecher v. Ensminger,* 167 Iowa, 118, 149 N. W. 97; *Cavender v. Fair,* 40 Kan. 182, 19 Pac. 638; *Robidoux v. McGerrigle,* 35 Quebec Rep. 174; *Oxford v. Dudley,* 204 Mo. 614, 217 S. W. 607; *Medsker v. Pogue,*

1 Ind. App. 197, 27 N. E. 432; *Peer v. Ryan,* 54 Mich. 224, 19 N. W. 261; *Flamer v. Johnson,* 36 N. D. 215, 162 N. W. 307.

We deem it unnecessary to recite the relevant evidence, lay and expert, upon which the jury passed. Suffice it to say that we have read the testimony and are of the opinion that the jury was warranted in answering the questions as they did, and that the defendant's first contention is therefore without merit.

The defendant's next contention is that the court erred in excluding the bill or poster containing the words "Mares Bred at Owner's Risk;" that such error was prejudicial; and that therefore the court should have granted his motion for a new trial. It is our conclusion that this contention is also without merit. The complaint alleged that the plaintiff hired the defendant to breed his mare and agreed to pay the defendant therefor the sum of $15 for a standing colt. The defendant in his answer did not deny that particular allegation, or allege that it was understood or agreed by the parties that the plaintiff's mare would be bred at the plaintiff's risk. When the attorney for the defendant was making his opening statement to the jury, he evidently referred to the poster. Counsel for the plaintiff promptly objected to any statement by defendant's counsel regarding the poster, for the reason that it had no bearing on the issues to be tried. The court sustained the objection. Upon the trial the plaintiff was asked certain questions regarding his knowledge of posters used in that locality by other owners in advertising their stallions for service. The court sustained plaintiff's objections to the questions on the ground that the testimony sought to be adduced was immaterial and not within the issues. Later on, counsel for the defendant elicited from the defendant testimony that posters identical with the one offered in evidence were posted in various places through-

out the community served by his stallion; that two of such posters were conspicuously posted on the truck which was used for transporting his stallion; that the truck so employed stood in the plaintiff's yard at the time the mare was serviced; and that the plaintiff was present and opened the gate to permit the defendant to drive his truck into the yard. The poster was then offered in evidence. Objection to its admission in evidence was sustained because it was considered immaterial and not within the issues to be determined. No motion was made to amend the answer so that it might contain an allegation that it was understood and agreed between the parties that the plaintiff would assume the risk of injury to his mare, or an allegation that the poster was made a part of the contract entered into by the parties. In the absence of some such allegation in the answer, original or amended, the poster was, in our opinion, immaterial and not within the issues to be determined. Had the plaintiff pleaded that it was understood and agreed that the plaintiff was to assume the risk of injury to his mare, or pleaded that the language of the poster entered into the contract, another question would be here for determination. See Restatement, Contracts, § 575.

*By the Court.*—Judgment affirmed.