JONES v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered November 7, 1910.

1. RAILROADS—DUTY TO TRESPASSER ON TRACK.—To a trespasser upon its track a railroad company owes no duty save to exercise ordinary care to avoid injuring him after discovering his perilous position. (Page 369.)

2. TRIAL—REOPENING CASE.—It is a matter within the trial court's discretion to refuse to permit plaintiff to reopen a case and introduce additional testimony after the court had announced that a peremptory instruction would be given to find in favor of the defendant. (Page 370.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*W. H. Arnold,* for appellant.

1. Where the answer admits a material allegation in a complaint, no proof is necessary on that point, and the allegation should go to the jury as evidence. 31 Cyc. 214; Kirby's Digest, §§ 6137, 6138; 41 Ark. 17; 46 Ark. 132; 73 Ark. 344; 11 Am. & Eng. Enc. of Law, (2 ed.), 488; 134 U. S. 241; 59

Cal. 97; 40 Pac. 491; 20 Am. St. Rep. (Col.) 290; 38 Ill. 409; 66 N. Y. (Hun) 12; 90 N. Y. 110; 40 S. W. (Mo.) 1030 28 Pac. 201; 103 U. S. 262.

2. It was error to refuse to admit offered testimony to show that the engineer had stated that he saw deceased on the track some distance ahead of the train before it struck him. His statement when made was an instinctive exclamation called out and emanating from the accident. It was admissible as a part of the *res gestae.* 61 Ark. 52; 72 Ark. 581; 89 Ark. 261; 54 Ill. App. 27.

3. The answer of a witness that deceased was in "a suffering condition" was erroneously excluded. A nonexpert may testify that one who has just sustained an injury appeared to be suffering pain. 12 Am. & Eng. Enc. of Law (2 ed.), 422, and cases cited; 112 Ill. 16; 75 N. W. 1121; Greenleaf on Ev., § 102; 87 Ark. 278; 22 Ark. 93; 66 Md. 419; 95 U. S. 232.

4. It was a question that ought to have gone to the jury whether the operatives of the engine saw deceased on the track in time to have prevented the injury by the exercise of proper care. 74 Ark. 407; *Id.* 478; 80 Ark. 169; *Id.* 382; 89 Ark. 496; 46 Ark. 513; 84 Ark. 241; 87 Ark. 628; 88 Ark. 204; 90 Ark. 398; 69 Ark. 380; 33 Ark. 350; 39 Ark. 491.

5. Where there is evidence legally sufficient to show that there was an appreciable interval of conscious pain and suffering after the accident and before the death of the party injured, there is a question for the jury to decide which a peremptory instruction for the defendant invades and destroys. 59 Ark. 215; 84 Ark. 241; 55 S. W. (Ark.) 840; 79 Ark. 621: 13 Cyc. 384; 61 Fed. 592.

*W. E. Hemingway, E. B. Kinsworthy, H. S. Powell* and *James H. Stevenson,* for appellee.

1. The answer can not be construed into an admission that the employees of defendant failed, after discovering the peril of the deceased, to use reasonable care to avoid injuring him. Such failure is specifically denied. A plaintiff who alleges discovered peril has the burden of proving, not only that the trainmen discovered the injured party, but also that they did so in time to have prevented his injury by the use of ordinary care.

2 White, Pers. Inj., § 1083; 76 Ark. 10; 69 Ark. 380; 86 Ark.
306; 83 Ark. 300; 82 Ark. 522.

2. The testimony offered as to statements made after
the accident occurred came too late. A motion to introduce
further testimony after the case is closed and the instructions
settled is addressed to the sound discretion of the trial court,
and its action thereon is not reviewable on appeal unless there
has been a manifest abuse of discretion. 36 Ark. 369; 32
Ark. 562; 61 Ark. 55; 6 Thompson on Neg., § 7741.

3. The record does not show that the answer of a witness
that deceased was in "a suffering condition" was excluded, nor
ruling made by the court thereon, nor exceptions saved to its
exclusion, if it was excluded.

4. Any liability on the part of appellee must rest upon
the theory of discovered peril, which is not shown. On the
contrary, it is admitted that deceased was a trespasser, and the
proof shows that he was guilty of contributory negligence in
failing to look and listen for a train before going upon the
track. 64 Ark. 364; Thompson on Neg., §§ 1768, 1775; 2
White, Pers. Inj., § 1083; 69 Ark. 380; 86 Ark. 306; 83 Ark.
300; 82 Ark. 522.

5. The question of conscious suffering after the accident
and before death does not enter into this case. The court prop-
erly took the view that no negligence on the part of the de-
fendant was shown.

McCulloch, C. J.    J. S. Jones was run over and killed
by a northbound freight train of the St. Louis, Iron Mountain
& Southern Railway Company near Mandeville, in Miller
County, Arkansas, and the plaintiff, as administrator of said
decedent's estate, instituted this action to recover damages on
account thereof. Jones was walking along the middle of the
track when an engine, approaching from behind, struck him;
and it is alleged in the complaint that the company's employees
in charge of the train "saw the deceased in a dangerous posi-
tion, and, without any regard for his safety or his life, said
defendant's employees failed to give any signal or any warning
to plaintiff's intestate as to the approach of the train, as was
their duty to do, so as to have enabled him to have cleared
the track and secured himself from danger; but the employees

in charge of said engine and train, after seeing plaintiff's intestate, wilfully, maliciously and wantonly rushed the train upon him, without checking the speed of said train or using any appliances under their control to avoid the accident."

The evidence adduced by the plaintiff at the trial showed that Jones entered upon the track at a crossing a short distance north of Mandeville, and walked northward along the track. This was about 3 o'clock in the afternoon. The road is double-tracked along there—the east track being used for northbound trains and the west track for southbound trains. He was first on the west track, and was going north, and walked about 150 yards when he saw a southbound train approaching. He then stepped over to the east track, and proceeded on his journey up that track, and in a very short time he was overtaken and struck by the northbound freight train. According to the testimony of one of the witnesses, he walked about 200 yards up the east track, and did not look back before the engine struck him. The evidence tended to show that no signals were given from the northbound train, and that it was not slowed down before it struck Jones.

It is alleged in the complaint, and admitted in the answer, that Jones was "hard of hearing;" but no testimony was introduced on the subject tending to show to what extent his sense of hearing was impaired. The track along there was straight enough for the men on the engine to have seen Jones for a considerable distance ahead if they had been looking, but the only testimony on this subject adduced by plaintiff tended to show that they were not looking forward. The witness who testified on that subject stated that he was standing on one side of the track near the crossing, and that, as the engine passed, he saw the engineer looking to the side over into the woods, and did not see him turn to look forward.

The defendant introduced no testimony, and the court directed the jury to return a verdict in defendant's favor, which was done.

Did the plaintiff make a case sufficient to go to the jury?

Jones was a trespasser, and defendant's servants owed him no duty, except, after the discovery of his perilous position, to exercise ordinary care to avoid injuring him. The burden was on plaintiff to show that the servants in charge of the train

saw Jones in a position of peril in time to have avoided injuring him, and failed to exercise ordinary care to avoid the injury after discovering his peril. *Chicago, R. I. & P. Ry. Co.* v. *Bunch,* 82 Ark. 522.

A case was not made by showing merely that the men on the engine saw Jones at some time and failed to give signals and slow down the train or stop. It devolved on plaintiff to show that they discovered him in time to have avoided the injury in some way. There is no proof in the record that the men on the engine ever discovered Jones's presence on the track at all before the injury, but it is insisted by learned counsel that the defendant in its answer admitted that they saw him in a perilous position on the track. Conceding that the answer can be construed to contain such an admission, it certainly denies that defendant's servants saw him in time to avoid the injury, or failed to exercise care to avoid it. The denials in the answer are as broad as the allegations of the complaint, and put in issue the question whether or not defendant's ser- vants saw deceased in time to avoid the injury. Even if it was admitted that the men on the engine saw deceased, that was not sufficient to warrant a recovery, as it devolved on plaintiff to show that they saw him in time to have avoided the injury.

We are of the opinion, therefore, that the court did not err in giving a peremptory instruction in favor of defendant, for the plaintiff failed to make out a case sufficient to go to the jury.

Another error of the court is assigned in refusing, after the plaintiff had rested his case and the court had announced its ruling that a peremptory instruction would be given, to permit the case to be reopened and to allow plaintiff to show by witnesses that some time while the train was standing at the place of the accident the engineer stated that he had seen de- ceased on the track some distance ahead of the train before he was struck. Without undertaking to decide whether the proposed testimony was competent or not, we deem it sufficient in disposing of that assignment to say that it was a matter, within the sound discretion of the trial court whether the case should be then reopened so as to allow the introduction of further testimony. *Brockway* v. *State,* 36 Ark. 629; *St. Louis, I. M. & S. Ry. Co.* v. *Faisst,* 68 Ark. 587; *Brinkley Car Works*

*& Mfg. Co.* v. *Cooper,* 75 Ark. 325. No abuse of the court's discretion is manifest.

Judgment affirmed. .