ABERNATHY *v.* ETCHERSON.

Opinion delivered November 15, 1915.

TRIAL—PEREMPTORY INSTRUCTION—DUTY OF COURT TO WITHDRAW.—In an action for the value of timber cut from certain land which plaintiff alleged belonged to him, where the court gave a peremptory instruction in defendant's favor, because the plaintiff failed to make certain proof, *held,* when plaintiff then offered to make such proof, it was reversible error for the court not to withdraw its instruction and permit plaintiff to make the same.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; reversed.

STATEMENT BY THE COURT.

Appellant brought suit against appellees for damages for wilful trespass in cutting timber from certain lands.

He alleged in the complaint that the lands "were sold and conveyed to him by warranty deed duly executed by M. F. Collier and wife, who placed him in actual pos-

session thereof," and * * * "that he has been in the actual, exclusive and adverse possession of said land under and by virtue of said deed since the date, first day of December, 1901."

It then alleges the wilful trespass and prayed judgment for damages in three times the value of the timber cut.

The appellees answered and denied, "that on the first day of December, 1901, or at any other time, by warranty deed of that date or by any deed of any date, executed by M. F. Collier and wife, or any one else, conveyed to the plaintiff or placed plaintiff in actual possession or any kind of possession of the lands described in the plaintiff's complaint; denied that plaintiff has since the said date or at any time been in the actual, exclusive or adverse possession, or any other kind of possession of the said lands under or by virtue of any such deeds as alleged."

After the statement of the case to the jury, appellant introduced testimony tending to show the correct boundary line of the tract of land from which the timber was alleged to have been cut and upon the conclusion of his testimony the appellees asked for a directed verdict, and their motion was overruled. They then introduced one witness who testified relative to the location of the boundary line and was excused.

The court thereupon directed the jury to return a verdict in favor of appellees, "because of the insufficiency of the evidence to show the ownership of the timber alleged to have been cut or the title to the lands on which the timber has been standing or growing."

The record recites that the plaintiff objected to the peremptory instruction, "first, because by permission from the court his counsel was absent from the court room when the instruction was asked by the defendant and had no information of it prior to the court's ruling sustaining it," and for the further reason "that T. W. Campbell, one of the attorneys for the defendant in his opening statement to the jury expressly admitted that

there was no controversy as to the trespass or the clearing of the land only insofar as there was a dispute between the plaintiff and defendants as to the true line separating their lands and expressly stated to the jury that the only question in controversy was which was the true line between the lands of the parties, and because his attorney immediately upon being informed that the court had been asked to give a peremptory instruction on account of the failure of proof, "then and there offered to prove the allegations of their complaint by witnesses then in the court room, and before the jury had retired from the box, and was denied that privilege by the court."

The court offered to withdraw the instruction and allow the plaintiff to take a nonsuit without prejudice, which he declined to do, and thereupon rendered judgment in accordance with the verdict directed.

Appellant attached to his motion for a new trial an affidavit signed by the eight jurors who had been accepted to try the case, stating that T. W. Campbell, one of the attorneys for the defendant had in his opening statement to the jury formally admitted "that the defendant did not cut valuable timber, but was clearing the land as alleged in the complaint, and that the land upon which said timber had been standing belonged to the defendants, and not to the plaintiff, that the only controversy between the parties to the suit was the question of the location of the section line separating their respective properties."

Said T. W. Campbell filed an affidavit in response, denying that he had made any such statement or admission before the jury that the defendants had cut any kind of timber on the lands described in the complaint and also denied that plaintiff either owned or was or ever had been in possession of the land mentioned in the complaint.

John L. Fry, another attorney of defendant made a like affidavit.

The court overruled the motion for a new trial, and plaintiff was granted an appeal.

*S. A. D. Eaton,* for appellant.

1. The real question at issue between the parties is the true location of the section line between their lands. The answer virtually admits all the facts alleged, and denies only a pure conclusion of law and puts *nothing* in issue. Where a fact is alleged with qualifying or modifying language, and the words of the allegation are literally denied, the *qualifying circumstances alone are denied,* while the fact itself is admitted. 31 Cyc. 203; 72 Ark. 62. The mere addition of the words "as alleged," creates a negative pregnant. 86 Mo. 62; 44 N. W. 97; 31 Cyc. 205. It is not material for the purpose of acquiring title by adverse possession, whether such possession is held "under or by virtue of any * * * deed," further than to show the extent of such adverse holding, with or without paper title, as seven years adverse holding vests title. 34 Ark. 534; *Ib.* 547; 38 *Id.* 181.

2. Admissions in the opening statements of counsel, may be treated as proof of the fact. 28 Pac. 201; 16 Cyc. 965; 1 Elliott on Ev., 256; 82 Ark. 522. Under the admissions in the answer and the opening statements of counsel, it was not necessary to prove the admitted allegations. 38 Ark. 375; 90 N. Y. 110; 94 *Id.* 129; 51 Fed. 518.

3. It was an abuse of discretion by the judge to direct a verdict. 43 Ala. 303; 14 Pac. 71; 2 Ark. 229; 38 Cyc. 1563; 58 Ark. 461-468; 97 Pac. 898.

*Campbell, Pope & Spikes,* for appellees.

1. The absence of counsel from the court room; the presence of witnesses to prove title and acts of trespass, etc., are not shown by the record. 32 Ark. 550; 10 *Id.* 483. Counsel should have been in court. 58 Ga. 479; 113 Ark. 261.

2. Appellant had voluntarily rested his case; there was no proof and the court properly directed a verdict. 69 Ark. 562; 43 N. E. 144; 175 Ill. 472; 51 N. E. 651; 57 Ark. 461. The court offered to permit plaintiff to take a nonsuit without prejudice which was declined.

3. The question of negative pregnant and admissions, etc., can not be made in this court for the first time, after failing to do so in the trial court. 105 Ark. 331; 70 *Id.* 348; 37 *Id.* 599; 46 *Id.* 132; 72 *Id.* 47; 96 *Id.* 163.

4. The answer really admits none of the allegations, but denies specifically every one. Kirby's Dig., § 6098. There was no negative pregnant.

5. The allegations as to adverse possession were not sufficient to show title. 43 Ark. 486; 65 *Id.* 422; 49 *Id.* 266; 48 *Id.* 277; 71 *Id.* 273; 84 *Id.* 587; 92 *Id.* 30; 64 *Id.* 100; 88 *Id.* 318.

3. There is no proof that any admissions were made by counsel, and the court so found. No abuse of discretion is shown. 174 S. W. 537; 80 Ark. 249; 104 *Id.* 154; 96 *Id.* 606; 82 *Id.* 260; 96 *Id.* 366.

KIRBY, J., (after stating the facts). Waiving the question of whether the allegations of the answer do not constitute a negative pregnant admitting the fact of the possession of the lands by the plaintiff, and denying only that it was held by virtue of the deed, as alleged, the court has concluded that the trial court erred in refusing to withdraw the peremptory instruction directing the verdict and allow the plaintiff to further develop his case by the introduction of the testimony of witnesses then present in the court room. The record discloses that the court directed the jury to find in favor of the defendants, because of the insufficiency of the evidence to show the ownership of the timber alleged to have been cut or the title to the lands on which the timber was standing or growing, and that plaintiff's attorney objected to the giving of the instruction stating he was absent from the court room by permission when the instruction was asked, and had no information of it prior to the order sustaining it, and for the further reason that the defendant's attorney in his opening statement of the case had expressly admitted there was no controversy as to the trespass on the land or the cutting of the timber, but only insofar as there was a dispute between the parties as to the correct boundary line between their lands and offered to prove by witnesses

then in the court room before the jury had retired from the box, the ownership and title to the timber and land, which the court refused him permission to do.

The court evidently found the attorney's statement and objection entitled to some weight, since he offered to withdraw the direction for verdict and allow the plaintiff to take a nonsuit without prejudice, which he declined to do.

It is apparent from the record that the case was not developed and the record also shows that plaintiff's attorney did not produce in the trial, certain testimony relative to the possession and ownership of the lands, from which the timber was taken, because he understood that the possession and ownership was admitted to be in his client by the attorney for the defendant in his opening statement of the case to the jury. The proof relating to the truth of the matter of such admission can not be considered here, the affidavits not being contained in the bill of exceptions, but only in the record as exhibits to the motion for a new trial. The attorney's statement and objection amounted to an offer of the testimony in proof of the facts for want of which the court had given a peremptory instruction directing a verdict and showed evidently that he was misled about the necessity for its introduction, and this without regard to whether there was reasonable cause for his understanding and action. The conduct of the trial being within the discretion and control of the court, and the witnesses being present, this court has concluded from all the circumstances that the trial court abused its discretion in not withdrawing the peremptory instruction and permitting the introduction of the further proof by the plaintiff in support of his cause of action. *Oak Leaf Mill Co.* v. *Cooper,* 103 Ark. 79, 146, S. W. 130; *Jones* v. *St. Louis, I. M. & S. Ry. Co.,* 96 Ark. 366, 131 S. W. 958.

For said error, the judgment is reversed and the cause remanded for a new trial.