## MURPHY *v.* STATE.

### Opinion delivered July 6, 1925.

WITNESSES—RECALL FOR CROSS-EXAMINATION.—In a felony prosecution, it was not error, after the jury has been partially instructed, to refuse to permit the defense to recall a witness for re-cross-examination, where the issue was simple and the defendant had had full opportunity for cross-examination.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John E. Tatum,* Judge; affirmed.

*Holland, Holland & Holland,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, J. Lucile Murphy prosecutes this appeal from a judgment of conviction for having in her possession morphine in violation of the statute.

This is the second appeal in the case, and reference is made to the opinion on the former appeal for a fuller statement of facts. *Starr* v. *State,* 165 Ark. 511.

It appears that Lucile Starr had married, and that Murphy was her real name when she was convicted. The only ground relied upon for a reversal of the judgment is that the court erred in refusing to reopen the case for the purpose of allowing additional testimony to be taken before the jury. After the evidence had been taken and the jury partially instructed, the defendant requested the court to instruct the jury that, if it should find from the evidence that the defendant had three grains of morphine in her possession, and that she had procured it from a druggist on the prescription of a physician and possessed it for her own use, then such possession of three grains of morphine would not be a violation of the statute.

The court modified the instruction by changing the amount of morphine to ten grains and gave it to the jury as modified. The defendant then asked the court to recall one of the witnesses for further cross-examination with reference to the amount of morphine in her possession. The court refused to allow the defendant to recall the witness because the witness had been excused, and there might be a delay in the case by reopening it for further testimony.

There was no error in the ruling of the court. This was the second trial of the case, and the issue of fact was simple. The attorney for the defendant had full opportunity to cross-examine the witnesses, and the record shows that each one was cross-examined at length. No witness testified that the defendant had only three grains of morphine in her possession. According to her own testimony, she had ten grains, which she had received on the prescription of a physician to be taken as medicine.

On the part of the State, it was shown that she had twelve grains of morphine in her possession when she was arrested, and there was other evidence tending to show that she was a morphine addict. Under these circumstances it cannot be said that the court abused its

discretion in refusing to reopen the case as requested. *Teel* v. *State,* 129 Ark. 180; *Jones* v. *St. L. I. M. & S. R. Co.,* 96 Ark. 366.

Therefore the judgment will be affirmed.