## DUNHAM *v.* STATE.

### Opinion delivered July 6, 1925.

1. HUSBAND AND WIFE—ABANDONMENT OF WIFE.—Under Acts 1923, p. 265, making it a misdemeanor for a man without good cause to abandon his wife or children, and providing that, if, after leaving his wife or child, he shall leave the State, he shall be guilty of a felony, it is necessary on the felony charge to prove that he left the State as a part of his act of desertion.

2. HUSBAND AND WIFE—ABANDONMENT OF WIFE.—In a prosecution for abandoning defendant's wife and thereafter leaving the State, evidence *held* sufficient to sustain a conviction.

3. CRIMINAL LAW—COMPETENCY OF EVIDENCE—HARMLESS ERROR.—Testimony of a deputy sheriff that he went to the home of defendant's wife and was informed that defendant had gone to another State was competent for the purpose of showing that he had made diligent search for defendant in order to collect a fine; but, if such evidence were incompetent as being hearsay, it was harmless in view of undisputed evidence that defendant had left the State.

4. CRIMINAL LAW—MATTERS SHOWN BY RECORD.—Whether the court erred in refusing to permit a witness to answer a question will not be determined on appeal where it does not appear what the court's ruling would have been.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*O. D. Thompson*, for appellant.

*H. W. Applegate*, Attorney General, and *John L. Carter*, Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted under an indictment charging him with the crime of desertion of his wife by leaving the State. The parties lived in Crawford County, Arkansas, and were married at the home of the wife's mother on January 16, 1924, and, according to the testimony of the State, appellant remained with his new-made wife only about two hours and then deserted her and departed from the State the same day.

Mrs. Springer, the mother of appellant's wife, testified that he only remained with his wife about two hours after the wedding ceremony was performed, and that he left her and stated that he was going to Oklahoma. Two other witnesses were introduced by the State, who testified that, after the marriage ceremony, appellant left the house on horseback, that they rode with him a distance of six or seven miles to the Oklahoma line and left him within a few hundred yards of the State line at the village of Dora, which was only a few hundred yards from the railroad station known as Greenwood Junction. This was a junction of the Missouri Pacific Railroad Company, which operates a line from that place into Oklahoma. These two witnesses were thoroughly friendly to appellant, and gave their testimony unwillingly. They testified that they went with appellant for the purpose of bringing back home the horse he rode, and that they never saw him in the community any more for three or four months. The testimony of other witnesses tended to show that appellant, as a part

of the act of deserting his wife, left the State and went to the State of Oklahoma. The evidence is sufficient to establish that fact.

The statute (Acts 1923, p. 265, amending Crawford & Moses' Digest, § 2596) makes it an offense punishable by fine or imprisonment, or both, for a man without good cause to abandon or desert his wife or children. The statute further provides "that, if such person, after leaving his wife or child, or children, shall leave the State of Arkansas, said person shall be guilty of a felony and punishable by imprisonment in the penitentiary for a time not to exceed one year." It is necessary, therefore, in order for the State to convict appellant of the felony charged in the indictment to prove that he left the State as a part of his act of desertion. That is evidently what the statute means, for the punishment is not for leaving the State, but for the desertion of the wife and children committed in that manner. We are of the opinion that the evidence was sufficient to establish the commission of a felony, and that the case was properly submitted to the jury in the court's charge.

Error of the court is assigned in admitting the testimony of a witness named Matlock, who was a deputy sheriff, and testified that in January, 1924, he made a diligent search for the appellant for the purpose of collecting a fine, but was unable to find him, and he ascertained that he had gone to Oklahoma. The witness testified that he went to the home of appellant's wife and made inquiry there and received information that appellant had gone to Oklahoma. The part of the testimony objected to was that part which stated that he had received information at the home of appellant's wife concerning his being in Oklahoma. The statement of the witness was introduced, not for the purpose of proving statements of others, but merely for the purpose of showing that he had made diligent inquiry to find appellant about his usual haunts in Crawford County, and that he could not be found in the community, and

that the only result of his search was information that he had gone to Oklahoma. We think this is not a statement of hearsay testimony, and it was not incompetent. But, if it be treated as hearsay, it is harmless for the reason that the undisputed testimony shows that appellant went to Oklahoma at the time he deserted his wife. The uncontradicted testimony of Mrs. Springer, mother of appellant's wife, is that he stated when he left the house that he was going to Oklahoma, and the other two witnesses, who were so reluctant to testify against appellant, stated that they accompanied him to the Oklahoma line for the purpose of bringing back the horse that appellant rode. All the testimony introduced was to the effect that appellant was never seen in that community again for three or four months and that he never returned to the home of his wife at all. The testimony of Matlock was therefore harmless error, if it should be treated as incompetent.

Error is also assigned in the refusal of the court to permit appellant to interrogate Mrs. Springer on cross-examination as to whether or not there was an understanding between appellant and his wife at the time they were married that they were not going to live together. The court refused to permit the question to be answered. Appellant saved an exception to the ruling of the court, but it was not shown what the answer of the witness would have been; therefore the assignment of error is not available.

Judgment affirmed.