## DEAN *v.* STATE.

### Opinion delivered March 7, 1927.

1. HUSBAND AND WIFE—ABANDONMENT OF WIFE.—Under Crawford & Moses' Dig., § 2596, as amended by Acts 1923, p. 265, making a husband's abandonment or desertion of his wife or children without cause punishable by jail sentence, or as felony in case he leaves the State, abandonment or desertion, as used in the statute, contemplates willful separation without justification, with intent not to return.

2. HUSBAND AND WIFE—ELEMENTS OF WIFE ABANDONMENT.—Under Crawford & Moses' Dig., § 2596, as amended by Acts 1923, p. 265, providing that if a husband, without cause, abandons or deserts his wife or child and leaves the State, he shall be guilty of a felony, abandonment or desertion of the wife or child in the State and departure therefrom by the husband or father must be shown.

3. HUSBAND AND WIFE—ABANDONMENT OF WIFE.—Where a husband and wife voluntarily separated in another State, the wife com-

ing to Arkansas, the husband, who later returned to his wife on the sickness of a child, but did not resume marital relation, was not guilty of abandonment or desertion on subsequently leaving the State, under Crawford & Moses' Dig., § 2596, as amended by Acts 1923, p. 265, § 1, as no abandonment took place in this State.

4. CRIMINAL LAW—SUFFICIENCY OF EVIDENCE.—In determining whether evidence was sufficient to support a verdict of conviction, the testimony is viewed in the light most favorable to the State.

Appeal from Yell Circuit Court, Dardanelle District; *J. T. Bullock,* Judge; reversed.

*Hays, Priddy & Rorex,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HART, C. J. George O. Dean was indicted for a felony charged to have been committed by abandoning his wife by leaving the State. The jury trying him found him guilty of a felony and fixed his punishment at nine months in the State Penitentiary. The case is here on appeal.

The indictment was returned under act 331 of the Acts of 1923, amending § 2596 of Crawford & Moses' Digest, General Acts of 1923, page 256. Section 1 of the act reads as follows:

"If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of fourteen years, born in or legitimatized by lawful wedlock, or shall fail, neglect or refuse to maintain or provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail for not more than one year, or by a fine not less than fifty nor more than one thousand dollars, or both such fine and imprisonment; provided, however, that if such person, after leaving his wife or child, or wife and child, or children, shall leave the State of Arkansas, said person shall be guilty of a felony, and punishable by imprisonment in the penitentiary for a time not to exceed one year; and provided, however, that in all cases the court may suspend sentence upon probation, employment and support of his wife or child, or wife and child, or children, as the case may be."

In the construction of the act this court has held that, in order for the State to convict the accused of such a felony, it is necessary for the State to prove that he left the State as a part of his act of desertion. The reason given was that the punishment is not for leaving the State but for the desertion of the wife or children, committed in this manner. *Dunham* v. *State,* 169 Ark. 257, 275 S. W. 325. Desertion or abandonment, as used in the statute, contemplates willful separation by one party from the other, without justification, with the intention of not returning. The elements of the felony offense are abandonment of the wife or child in this State and the going out of the State by the husband or father. .

Tested by this principle, in our opinion, the conviction of the defendant should be set aside and he should be discharged. The wife of the defendant was the complaining witness, and the State relied entirely on her evidence for conviction.

According to the evidence of Mr. Dean, she married the defendant at Centerville, Yell County, Arkansas, on the 18th day of June, 1911. Seven children were born of their marriage, and four of them are now living and are with the defendant at his home in the State of Texas. The defendant and his wife first moved to the State of Oklahoma and lived at various places there. The defendant is a preacher. Finally they went to Texas. Mrs. Dean claimed that she could not live in the town where the defendant preached, because of her health. Finally, during the summer of 1924, the defendant fitted up a Ford truck and traveled with his wife in the State of Texas for her health. In November, 1924, the defendant was called to the pastorate of a Presbyterian church at Mule Shoe, Texas, which was a small town. Instead of locating in the town, at Mrs. Dean's suggestion they lived twelve miles out, in a tent. Mrs. Dean complained that the water there was not good for her and made up her mind that she was going to return to Sulphur Springs, in the Dardanelle District of Yell County, Arkansas. She had an aunt who had gone there, and thought the

water would help her. According to her testimony, her husband did not want her to return to Arkansas, but finally gave his consent. The defendant was not making much, and sent his wife all that he made over and above his living expenses. When the witness came back to Arkansas, she brought the children with her. Finally one of them got sick, and the defendant received a telegram from a friend at Sulphur Springs, Arkansas, notifying him that if he wished to see his child alive he had better return at once. He hurriedly returned to Arkansas and helped nurse the child back to health. He stayed at a neighbor's house most of the time while in Arkansas, and never resumed marital relations with his wife while there. Sometimes, while helping to nurse his child, he would sleep under the same roof with his wife, but they never slept in the same room or resumed their marital relations. After the children got well, the defendant moved them to his mother's home, and then carried them and his mother back to his home in Texas. According to his testimony, he returned to his pastorate in Texas and carried his children back with him. His wife refused to return with him. According to her testimony, she wanted to go back to Texas with him, and begged him to take her and not to separate her from her children.

Now, according to her own testimony, the separation occurred while they were in the State of Texas, and was a voluntary one on her part. She came back to Arkansas to regain her health, and brought her children with her. It is true that she says she intended to return to her husband at some indefinite time in the future, when she should regain her health. Giving her testimony its strongest probative force, there was no desertion or abandonment of her by her husband in the State of Texas. At most, there was nothing more than a voluntary separation between them. The defendant returned to Arkansas because he was informed that one of his children was about to die. He helped nurse the child back to health, and, while doing so, sometimes slept under the same roof

with his wife. They never occupied the same room and never resumed their marital relations at all. Hence it is apparent that, whatever separation there was between the parties or abandonment, occurred in the State of Texas; and, inasmuch as the marital relations were not resumed in the State of Arkansas, there was no abandonment there, and the defendant did not leave the State in consequence of such abandonment or desertion. According to the defendant's testimony, he merely returned to Texas to resume his work as the pastor of a Presbyterian Church which had been interrupted by his return to Arkansas for the purpose of visiting his sick child, who was about to die. In any event, according to the testimony of the wife, their separation occurred in Texas, and the defendant could not leave the State of Arkansas as a part of his act of deserting his wife unless he first deserted his wife in the State of Arkansas. Moreover, according to the testimony of the defendant, which is not contradicted, he always gave his wife one-half of his income, or at least all that was left after a bare support for himself. He only made a small amount of money, and spent all of it on his family except a bare living for himself. His testimony in this respect was not contradicted.

Hence, as far as the statute under consideration is concerned, no criminal act was committed by the defendant, when the testimony is viewed in the light most favorable to the State. The wife was the complaining witness, and her testimony is set out at length in the transcript. We have only copied the substance of it in this opinion, but deem it proper to say that the whole case has been thoroughly developed, and no useful purpose could be served by remanding the case for a new trial.

The judgment will be reversed because the evidence is not legally sufficient to support the verdict, the prosecution will be dismissed, and the defendant ordered discharged.