ROBBINS *v.* STATE.

4666                                                244 S. W. 2d 156

Opinion delivered December 17, 1951.

*Gordon B. Carlton* and *M. M. Martin,* for appellant.

*Ike Murry,* Attorney General, and *George E. Lusk, Jr.,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The appeal questions the penalty assessed for selling liquor in dry territory. The indictment charged that Jack Robbins sold a pint of Hill & Hill liquor "in a prohibited territory, Polk county," etc. The jury's verdict of guilty assessed a fine of $500 with six months in jail, but recommended

that the jail sentence be suspended. The trial court did not think justification had been shown for leniency and assessed both fine and imprisonment. The motion for a new trial alleges that the verdict and judgment are contrary to the law and the evidence.

Appellant's contention is that effect of the verdict and judgment was to treat the proceedings as having been brought under § 48-912, Ark. Stat's, whereas the wording of the indictment and instructions make it clear that the intent was to proceed under § 48-803, Ark. Stat's, this being Initiated Act No. 1 of 1942, p. 998 of the Acts of 1943. The measure was discussed in *Robbins* v. *State,* 242 S. W. 2d 640, *ante,* p. 376. The appellant was the appellant in the cited case.

We are of the view that error is apparent on the face of the record, agreeing with counsel for the appellant that the Initiated Act provides the remedy intended by the electors to apply in the circumstances of this case —this for the reason that some of the language of the indictment is identical with wording in the Initiated Measure. For this reason the judgment will be modified through avoidance of the jail sentence, but affirmed as to the fine. It is so ordered.