GREEN *v.* STATE.

4948                                    328 S. W. 2d 89

Opinion delivered October 12, 1959.

*Ras Priest,* for appellant.

*Bruce Bennett,* Atty. General, by *Clyde Calliotte,* Asst. Atty. General, for appellee.

PAUL WARD, Associate Justice. Appellant was convicted by a jury of the crime of refusing and neglecting to maintain and provide support for his five minor children as provided in Ark. Stats. § 41-204, and also convicted of the crime of leaving the State of Arkansas after abandoning his children as provided in Ark. Stats. § 41-205. Upon the above conviction the court sentenced appellant to serve two years in the State Penitentiary.

Upon appeal appellant relies upon several points for a reversal, but under the view which we have taken it will not be necessary to consider all of those points.

The first Information against appellant was filed on June 15, 1956, charging him with non-support under the first above-mentioned statute. Another Information was filed against appellant on February 10, 1959, which included the charge contained in the first Information and apparently charged him with leaving the State under the second above-mentioned statute, together with a charge of the habitual criminal statute. In the court's first instruction to the jury it was stated that "the defendant, Alfred Green, is on trial under an Information filed on the 15th day of June, 1956 . . .". Nowhere in the court's instruction is any reference made to the Information filed on February 10, 1959. However, in the court's Instruction No. 6 the jury was told that it would be its duty to fix appellant's punishment at imprisonment in the State Penitentiary (pursuant to § 41-205) if it should find that, after abandoning his minor children, *the defendant left* the State of Arkansas. The jury's verdict read: "We, the jury, find the defendant, Alfred Green guilty of non-support of minor children as charged in the information and fix his punishment at imprisonment in the State Penitentiary for two (2) years". There was no specific conviction for leaving the State.

We find from the record not only substantial evidence but an abundance of evidence that appellant did abandon his minor children within the time alleged in the first Information. There is also substantial evidence from which the jury was justified in finding that said abandonment was willful. The penalty for this offense, under said § 41-204, is a fine or imprisonment in the County Jail or on the County Farm for not more than six months.

We are unable, however, to sustain appellant's conviction of a felony based on the fact that he left the State of Arkansas after the said abandonment. In Instruction No. 6 the court instructed the jury that: "If you further find from the evidence in this case beyond a reasonable doubt that after abandoning or deserting his minor children the defendant, Alfred Green,

left the State of Arkansas then it will be your duty to fix his punishment at imprisonment in the State Penitentiary for whatever period of time you agree upon for not less than one year or more than five years". It is our opinion that this instruction was erroneous as will be hereinafter pointed out and also that appellant made sufficient objections by reason of having requested other instructions be given instead of Instruction No. 6. Under said Instruction No. 6 the jury could have found appellant guilty of felony by reason of the mere fact that he left the State of Arkansas regardless of whether or not his leaving was in any way connected with the act of desertion. In other words, under said instructions he could have left the State for a perfectly innocent, legitimate reason and still have been found guilty of a felony. We are convinced that this is not the intent of the law.

We have done considerable research and find that very few states have a statute similar to § 41-205, and, perhaps, for that reason, there are very few, if any, decisions from other jurisdictions relative to the question here raised. We do find, however, among our own decisions, the case of *Dunham* v. *State,* 169 Ark. 257, 275 S. W. 325. This decision was rendered in 1925 before § 41-204 and § 41-205 were enacted, but it construed § 41-201 which was in force at that time and which contains essentially the same provisions contained in the former statutes. The decision, therefore, in the *Dunham* case should be highly persuasive, if not conclusive, of the view which should be adopted in the case under consideration. The court, after quoting the pertinent portions of *Crawford & Moses' Digest,* § 2596 (which is the same as Ark. Stat. § 41-201), had this to say: "It is necessary, therefore, in order for the State to convict appellant of the felony charged in the indictment to prove that he left the State as a part of his act of desertion. That is evidently what the statute means, for the punishment is not for leaving the State, but for the desertion of the wife and children committed in that manner".

We find no evidence in the record upon which the jury could have found that appellant's act of leaving the State was a part of or in any way connected with his act of abandonment. Therefore, even if the court's Instruction No. 6 had not been properly objected to, we would still have to say that there is no substantial evidence to support the jury's conviction for a felony in this case.

Under the authority exercised by this court for many years and on numerous occasions we are reducing the conviction of appellant and the court's judgment from a felony to a misdemeanor. See *Brown* v. *State,* 34 Ark. 232; *Simpson* v. *State,* 56 Ark. 8, 19 S. W. 99; *Pittman* v. *State,* 84 Ark. 292, 105 S. W. 874; *Blake* v. *State,* 186 Ark. 77, 52 S. W. 2d 644; and *Robbins* v. *State,* 219 Ark. 664, 244 S. W. 2d 156.

In accordance with the holding in the *Blake* case, *supra,* we, therefore, fix the punishment of appellant at the maximum provided by § 41-204, *i.e.,* six months in the County Jail, and, as so modified, the judgment of the trial court is affirmed.

Modified and affirmed.